COMMONWEALTH *vs.* JOHN CHANEY.

Essex. November 7, 1888. — November 27, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Cider or Native Wines — Evidence — Unwilling Witness.*

On the issue whether a defendant, charged with keeping a common nuisance under the Pub. Sts. c. 101, §§ 6, 7, sold cider or native wine to be drunk on the premises, there was evidence that the place was one of common resort, and that during the time alleged sales of such liquors were made on the premises. The government was then permitted to introduce evidence that on other occasions during the same time such liquors were drunk on the premises by various persons who were not seen to make any payment therefor, as well as to put leading questions to unwilling witnesses called by it as to their drinking or obtaining cider upon the premises, of which there was no evidence and the answers to which did not appear. *Held*, that the defendant had no ground of exception.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Gloucester used for the illegal sale and illegal keeping for sale of intoxicating liquors, from January 1, 1887, to October 27, 1887. Trial in the Superior Court, on appeal, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence that cider and native wines were found upon the premises belonging to the defendant, who was the maker thereof, that the tenement occupied by the defendant was a place of common resort, and that sales of cider were made on the premises during the time alleged. The government was then permitted, against the objection of the defendant, to introduce evidence of the drinking of wine and cider on the premises on other occasions during the same time, for which no payment was seen to be made.

One Burns, an unwilling witness called by the government, who testified that he never had bought cider to be drunk upon the premises, and that he never had bought any cider and drunk the same upon the premises, was asked, against the defendant's objection, " whether he had ever drunk cider upon the premises," and " how often he got cider upon the premises."

One Boyle, also an unwilling witness called by the government, who testified that he never had bought and drunk cider upon the premises, was asked, against the defendant's objection, " how often he drank cider upon said premises," and " how often he paid for cider which he got there and which he said he carried away."

The bill of exceptions did not disclose what the answers to these questions were.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. L. Evans,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

FIELD, J.   One issue of fact was, whether the defendant sold in his tenement, during the time alleged in the complaint, cider or native wine " to be drunk on " the " premises." Pub. Sts. c. 100, §§ 1, 27. Evidence that cider and wine were drunk on the premises, by various persons, during this time, was competent

in connection with evidence that cider and wine were sold there during the same time, although the occasions were different. The evidence taken together had some tendency to prove that the tenement was used both for selling and for drinking intoxicating liquor, and the whole evidence may have been sufficient to warrant the jury in finding that some of the liquor drunk on the premises had been sold there by the defendant.

The answers given to the questions put to Burns and Boyle do not appear in the exceptions, and therefore it does not appear that the defendant has been prejudiced by the admission of evidence, even if the questions should have been excluded. The questions were competent in substance, as they called for testimony relating to the drinking or the obtaining of cider upon the premises, presumably during the time alleged. The court could permit the attorney for the Commonwealth to put leading questions to these witnesses. The objection does not appear to have been taken, that the questions assumed facts of which there was no evidence, and apparently the exceptions were not drawn for the purpose of presenting this objection.

*Exceptions overruled.*