MARY FRANCIS *vs*. MANUEL M. ROSA.

Barnstable.    March 27, 1890. — June 17, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Bastardy — Exceptions — Evidence.*

A bill of exceptions recited that the adverse party was allowed to put certain questions to witnesses, but did not disclose what the replies were. *Held*, that the excepting party showed no ground of exception.

In a bastardy case the complainant need not prove that the child was begotten on the exact date alleged in the complaint.

On a bastardy complaint, alleging the begetting to be on May 24, the complainant was asked, "Did you meet the respondent" at a certain place "two years ago?" and "What, if anything, has the respondent said to you concerning marriage, — about June last?" After evidence that the begetting was in June following, the day after A., at whose house she was staying, painted a carpet, A. was permitted to testify that early in June, just before the parties were alone together, he painted a carpet, and the alleged seller was permitted to testify that A. bought paint of him about that time. On cross examination, A. denied admitting that he begot the child, and, after evidence of such admission, being recalled and asked if such evidence was true, again denied it. The judge instructed the jury, that the admission, if made, might "be used to the extent of entirely destroying A.'s evidence, but no further." *Held*, that the respondent showed no ground of exception.

COMPLAINT under the bastardy act, Pub. Sts. c. 85, alleging that the complainant was delivered, on March 9, 1889, of a

bastard child, begotten by the respondent on or about May 24, 1888. Trial in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows.

The complainant, after evidence that she was delivered of a bastard child, as alleged, testified that the respondent called upon her at the house of Joseph Amber, in Provincetown, in June, 1888; that he was then in a room with her alone, and then had sexual intercourse with her, at which time the child was begotten; and that the respondent was the only person who ever had connection with her. The complainant further testified that she could not definitely fix the date of such intercourse, but "knew it was the day after Mr. Amber painted his carpet." The complainant's counsel was then allowed to ask her, against the objection of the respondent, these questions: " Did you meet respondent at Mr. Smith's in Provincetown two years ago ? " and, " What, if anything, has respondent said to you about marriage, — about June last ? " The bill of exceptions recited that the respondent excepted to the asking of these questions, but did not disclose what the replies of the complainant were, or that she answered them at all. Amber, called as a witness by the complainant, after testifying that the respondent and the complainant were alone together at his house early in June, 1888, was permitted to testify, against the respondent's objection, that, a day or two before that occurrence, he purchased paint of Thomas W. Dyer, and painted a carpet with it. Dyer, also called as a witness by the complainant, testified, refreshing his memory from an entry in his books, that Amber purchased paint from him on June 4 and 6, 1888. On cross-examination, Amber denied that he admitted to one Vasconcellos that he himself was the father of the child. Vasconcellos was called as a witness by the respondent, and was permitted to testify that Amber had admitted the facts denied by him. The bill of exceptions recited, that, after the respondent's evidence was in, the complainant recalled Amber, and was allowed to ask him if he had heard the testimony of Vasconcellos, and if it was true; but his reply was not disclosed.

The judge instructed the jury, among other things, as follows:

" Mr. Amber testifies that he painted his carpet the day after he purchased paint of Mr. Dyer, and Mr. Dyer has been called,

allowed to refresh his memory from charges in his book, and to testify to the date when he sold paint to Mr. Amber, June 4th and 6th. This evidence is competent upon the question of the date. The complainant must allege the time when the child was begotten, and she must prove that the defendant was the father of her child, but she need not prove it to be on the exact date alleged in the complaint. . . . That they must first decide whether or not the witness Amber made use of the language testified to by Vasconcellos. If they found that he made use of. declarations, the declarations were to be considered only for the purpose of showing interest or bias on the part of Amber, and for the purpose of affecting his evidence, and for no other purpose. The evidence, if believed, may be used to the extent of entirely destroying Amber's evidence, but no further, and for no other purpose; and as the evidence has been admitted for that purpose, and that only, it is the duty of the jury to see to it that it is used in no other way, and considered for no other purpose."

The jury returned a verdict of guilty; and the respondent alleged exceptions.

*H. F. Naphen*, for the respondent.

*J. H. Hopkins*, for the complainant.

HOLMES, J. 1. The first exception is to allowing the complainant's counsel to put to her the questions, "Did you meet respondent at Mr. Smith's in Provincetown two years ago?" and, "What, if anything, has respondent said to you about marriage, — about June last?" It does not appear what the answers were, so that it does not appear that the respondent was prejudiced. *Commonwealth* v. *Chaney*, 148 Mass. 6, 8. The form of the questions was a matter of discretion. *York* v. *Pease*, 2 Gray, 282, 284. *Green* v. *Gould*, 3 Allen, 465. The subject matter of the inquiry was the relations of the parties, — a matter open to proof within discretionary limits of time, which do not appear to have been exceeded. *Beers* v. *Jackman*, 103 Mass. 192. *Sullivan* v. *Hurley*, 147 Mass. 387.

2. The complainant testified that the respondent had connection with her the day after Mr. Amber painted his carpet. Amber testified, that, a day or two before the respondent was alone with the complainant, he purchased paint of Thomas W.

Dyer and painted a carpet with it. Dyer testified that Amber purchased paint of him on June 4 and 6, 1888. The admission of Amber's and Dyer's testimony was excepted to, but plainly was admissible to fix the date of the act alleged by the complainant. The statement by the judge in his charge to that effect is also excepted to, and the further objection is taken that he misstated the effect of the evidence or assumed facts which were not proved. It does not appear that any improper assumption was made, or that the judge's attention was called to any such supposed assumption. The jury were warranted in finding that the carpet referred to by Amber was the same carpet as that referred to by the complainant, and that the paint referred to by Dyer was the same as that referred to by Amber. The instruction that the complainant need not prove the date the child was begotten to be the exact date alleged in the complaint, was correct. *Bassett* v. *Abbott*, 4 Gray, 69. *Duhamell* v. *Ducette*, 118 Mass. 569.

3. On the cross-examination of Amber, he was asked if he had not made admissions to one Vasconcellos that he was the father of the child, etc., which he denied. Vasconcellos was called by the respondent, and testified to the admissions. Afterwards Amber was recalled by the complainant, and asked if he heard the evidence of Vasconcellos, and if it was true. This question was excepted to. Here again it does not appear what the answer was, but, assuming it to have been a denial, the question was merely a way of inquiring whether Amber adhered to his previous testimony, after having his memory refreshed by the opposing evidence. In view of the nature of the testimony, the form of the question was well enough, if the question of form were open. The instruction of the court, that Amber's declarations, if made as Vasconcellos testified, might "be used to the extent of entirely destroying Amber's evidence, but no further," was sufficiently favorable for the respondent. *Young* v. *Makepeace*, 103 Mass. 50. *Eddy* v. *Gray*, 4 Allen, 435.

*Exceptions overruled.*