JOHN HENDERSON *vs.* GREENFIELD AND TURNER'S FALLS STREET RAILWAY COMPANY.

Franklin.    November 14, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Noise caused by Electric Car — Law and Fact.*

In an action against a street railway company for personal injuries, it appeared that the plaintiff was thrown from a wagon in consequence of the horse attached thereto being frightened by the sounding of a gong on one of the defendant's cars, and by noise and sparks caused by the wheels of the car running over what the plaintiff believed to be pebble stones.  The plaintiff testified that the horse was four or five yards from the car, and that the motorman rang the gong half a dozen or a dozen times.  There was nothing to show that the noise and sparks were due to any defect in construction or negligence in operation, and up to the moment of the accident there was nothing in the behavior of the horse which rendered it negligence on the part of the motorman to ring the gong. *Held,* that the judge rightly directed a verdict for the defendant.

TORT, for personal injuries received by the plaintiff, by being thrown from a wagon while riding with one Moreau in the town

of Montague, on June 7, 1897. At the trial in the Superior Court, before *Richardson*, J., there was evidence tending to show that the accident occurred on a public street, about fifty feet wide, known as Avenue A, and that the horse which Moreau was driving became frightened by the noise of the gong or bell on an electric car belonging to and operated by the defendant, and by the noise made by the wheels of the car, and the sparks coming from the wheels.

The plaintiff testified that they entered Avenue A near the southerly end; that he could see an electric car up near the other end of the avenue between a quarter and a half mile away at its starting place; that the railway track was in the centre of the avenue; that they drove up the avenue on the right hand side of the railroad track; that the horse was going at a regular gait; that one car which was ahead of another stopped on a cross-walk; that the horse approached the car, and the cars, as he thought, started quickly after a passenger alighted; that the horse, being four or five yards from the car, acted as though he were a little afraid and turned round quickly, all in an instant, but he did not seem to be afraid till the man on the car began ringing the gong; that then the horse shied, he having previously called out to the motorman to stop; that he had not time to call a second time when the horse turned round quickly, and threw him out on the curbstone; that the gong was rung half a dozen or a dozen times; that the appearance of the car was unusual; that it sounded as if the car were running over pebble stones or something on the track; and that it made a loud noise, and there was a little fire, a little light from the wheels, which he thought was caused by the pebble stones.

Moreau testified largely in corroboration of the testimony of the plaintiff.

The judge, at the request of the defendant, then directed a verdict for the defendant; and the plaintiff alleged exceptions.

*B. H. Winn & L. W. Griswold*, for the plaintiff.

*D. Malone*, for the defendant.

MORTON, J. The ruling was right. Up to the moment of the accident there was nothing in the behavior of the horse which rendered it negligent on the part of the motorman to ring the gong, and it cannot be said that to ring the gong on an electric

car in a public street half a dozen or a dozen times, which the plaintiff says was done, is of itself, without anything more, evidence of negligence.  There was nothing to show that the noise and sparks were due to any defect in construction or negligence in operation.                    *Exceptions overruled.*