WILLIAM H. MORRISSEY *vs.* CONNECTICUT VALLEY STREET
RAILWAY COMPANY.

Franklin.   September 16, 1919. — October 9, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Rulings and instructions.   *Evidence,* Presumptions and burden of
proof, Of habits of intoxication, Of previous injuries, Opinion, Photographs.

In an action against a street railway company for injuries alleged to have been
caused by the collision of an express car operated negligently by the servants
of the defendant with a motor car driven by the plaintiff, where there was con-
siderable evidence in regard to the conduct of the plaintiff and of the motorman
in charge of the defendant's car immediately before and at the time of the col-
lision, and the evidence as to the negligence of the plaintiff and of the defend-
ant was conflicting, it was *held* that it was right for the presiding judge to
refuse to make a ruling that the plaintiff was in the exercise of due care and that
the defendant was negligent.

It usually cannot be ruled as matter of law that a burden of proof has been
sustained.

A presiding judge properly may refuse to make a ruling singling out specific facts
for special treatment.

In an action of tort for personal injuries evidence of the plaintiff's habits in the
excessive use of intoxicating liquor may be relevant and admissible upon the
issue of damages, where carefully confined to that issue by the presiding judge.

In an action of tort for personal injuries arising from a collision, the defendant may
show that the injuries attributed by the plaintiff to the collision were in fact
caused by other and previous accidents, and for this purpose evidence as to
other previous injuries properly may be admitted.

In an action against a street railway company for injuries caused by the collision
at night of a street railway car of the defendant with a motor car driven by the
plaintiff, it was *held,* that the admission of testimony of the motorman who was
operating the defendant's car at the time of the accident as to the distance at
which his car could have been heard on the night of the collision could not be held
to be harmfully erroneous.

The admission in evidence of photographs rests largely in the discretion of the
presiding judge.

Where photographs have been admitted in evidence at a trial, and later the jury
take a view of the scene shown by the photographs, this does not render the
photographs incompetent.

TORT against a street railway company for personal injuries
and damage to the plaintiff's motor car sustained on the evening
of April 30, 1918, and alleged to have been caused by the negli-
gence of the defendant's servants in the operation of an express

car of the defendant on Union Street in the village of South Deerfield, in the town of Deerfield, which ran into the motor car of the plaintiff when the plaintiff was driving it across the defendant's tracks on that street.   Writ dated May 7, 1918.

In the Superior Court the case was tried before *Aiken,* C. J. At the close of the evidence the plaintiff asked for certain instructions.   Those not given by the judge which were relied on in the plaintiff's brief were as follows:

"7.   That the fact that the power of the car at the time of the accident was reversed in an attempt to stop the car, said car went a distance of from two hundred (200) to two hundred and fifty (250) or three hundred (300) feet beyond the point where the accident took place, then the jury have a right to consider whether the car was being driven at a high and dangerous rate of speed that it could not be stopped until it had gone the distance above referred to.

"8.   That upon all the evidence there is no testimony to show that the plaintiff is not entitled to recover.

"9.   That upon all the evidence there is no testimony to show that the plaintiff was in any degree negligent and that the evidence does show that the defendant, through its agents and servants, was negligent and careless in the operation of its car in its failure to sound the whistle giving warning of its approach and failure to have the headlight lighted and the further evidence that shows that the motorman was not keeping a look out ahead."

The other requests of the plaintiff for instructions are referred to in the opinion.

The Chief Justice submitted the case to the jury with full instructions.   The jury returned a verdict for the defendant; and the plaintiff alleged exceptions, raising the questions which are described in the opinion.

The question asked the motorman there referred to was as follows: "Running over that track that night in question, in the way that car was running, how far off should you say a man could hear that car coming?"   His answer, admitted subject to the plaintiff's exception, was as follows:

"Why, half or three quarters of a mile.   It depends on what other noise there was going on; with conditions that night, half

a mile. Quite frequently the trolley-wheel makes a noise, which can be heard some distance. . . ."

*F. J. Lawler,* for the plaintiff.

*W. A. Davenport,* (*C. Fairhurst* with him,) for the defendant.

RUGG, C. J. This is an action of tort wherein the plaintiff seeks to recover damages sustained by him in person and property arising from a collision between an express car operated by the defendant upon its track and an automobile owned and operated by the plaintiff. The verdict was for the defendant and the case is here on the plaintiff's exceptions.

The plaintiff's requests for instructions were denied rightly. The eighth and ninth in substance required a ruling that the plaintiff was in the exercise of due care and that the defendant was negligent. These were both controverted issues, as to which there was conflicting evidence. There was a considerable body of testimony touching the conduct of the plaintiff and of the motorman in charge of the defendant's car immediately before and at the time of the collision. The jury may have disbelieved all that which tended to support the contentions of the plaintiff and credited only that which supported those of the defendant. *Commonwealth* v. *Russ,* 232 Mass. 58, 70. The case falls within the principle that it cannot usually be ruled as matter of law that a burden of proof has been sustained. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, 453. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370.

The subjects referred to in the first, second, third, fourth and fifth requests were adequately dealt with in the charge.

The sixth and seventh requests referred to specific facts which the judge was not required to single out for special treatment. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593. The charge was ample and fair and not open in these respects to just criticism.

The several questions allowed to be put respecting the plaintiff's habits in the excessive use of intoxicating liquor were carefully confined by the judge to the issue of damages, in connection with which the testimony was relevant and admissible. *Ceresola* v. *Joseph F. Paul Co.* 224 Mass. 395.

Evidence was competent tending to show that the injuries which, according to the claims of the plaintiff, resulted from the collision in question, were in truth caused by other and previous

accidents sustained by him. As bearing upon this point, testimony as to other injuries received by the plaintiff was relevant. It is too plain for discussion that there is nothing inconsistent with this in decisions like *Wiemert* v. *Boston Elevated Railway*, 216 Mass. 598, and *Coleman* v. *New York, New Haven, & Hartford Railroad*, 106 Mass. 160.

The admission of the testimony of the motorman as to the distance at which his car could have been heard on the night in question, cannot be pronounced harmfully erroneous. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560, 562. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 427. The exclusion of somewhat similar evidence has been held not ground for sustaining exceptions in *Commonwealth* v. *Cooley*, 6 Gray, 350, and *Welch* v. *New York, New Haven, & Hartford Railroad*, 176 Mass. 393. Ordinarily it is better practice to develop the pertinent facts as to distance, intervening obstacles, nature of surrounding objects, and leave the inference to be drawn from the collective circumstances to the jury. But where much depends upon conditions more or less difficult to reproduce accurately by words, the conclusion of the witness, although involving something of opinion, is not necessarily incompetent. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133. *Duddy's Case*, 219 Mass. 548. *Partridge* v. *Middlesex & Boston Street Railway*, 221 Mass. 273. *Eldridge* v. *Barton*, 232 Mass. 183.

The admission of the photographs in evidence cannot be pronounced erroneous. Such a matter rests largely in the discretion of the presiding judge. The fact that the jury later took a view of the scene shown by the photograph did not render it incompetent. *Field* v. *Gowdy*, 199 Mass. 568. *Halloran* v. *New York, New Haven, & Hartford Railroad*, 211 Mass. 132, 133. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 385.

There are no other exceptions which require discussion. The record has been examined carefully and no error is disclosed.

*Exceptions overruled.*