COMMONWEALTH *vs.* JOHN BROPHY.

Suffolk.    March 9, 1920. — April 2, 1920.

Present: RUGG C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Evidence,* Relevancy, Remoteness. *Bastardy.*

At the trial of a complaint under St. 1913, c. 563, charging that the defendant, not being the husband of the complainant, did get her with child on January 13, 1919, there was evidence that the complainant, a minor, had known the defendant since school days, that in October, 1917, the defendant, in the United States Naval Reserve Force, was called to active service in Maine. Fifteen letters and post cards received from the defendant by the complainant between January 7 and July 23, 1918, were admitted in evidence subject to exceptions by the defendant. Many of them were couched in terms of affection and one contained a definite proposal as to sexual relations. There was a quarrel between the defendant and the complainant in August, 1918, and for a time they were not friendly. There was evidence that in December, 1918, they again were intimate and that the defendant then got the complainant with child. *Held,* that the letters were not too distinct in character nor remote in time, and were admissible to establish and characterize the intimacy between the parties.

COMPLAINT, made and sworn to in the Municipal Court of the City of Boston on May 28, 1919, under St. 1913, c. 563, charging that the defendant, not being the husband of the complainant, did get her with child on January 13, 1919.

In the Superior Court, the complaint was tried before *J. F. Brown,* J. Material evidence and exceptions saved by the defendant are described in the opinion. The defendant was found guilty and was adjudged the father of the complainant's child; and the defendant alleged exceptions.

*G. Alpert,* for the defendant.

*H. P. Fielding,* Assistant District Attorney, for the Commonwealth.

JENNEY, J. In this proceeeding under St. 1913, c. 563, entitled "An Act relative to illegitimate children and their main-

tenance," the defendant's sole exception is to the admission in evidence of letters written by him to the complainant, whom he is charged with begetting with child.

The defendant contends that the letters were inadmissible, "because . . . they were not of sufficient proximity to the act" in question, and because, with one exception, they were not "sufficiently significant in character to afford an inference of the moral condition to be proved."

There was evidence that the complainant, a minor, had known the defendant, also a minor, "since they went to school together," and that "since she had grown up she had gone to places with him." In October, 1917, the defendant, who was then in the United States Naval Reserve Force, was called to active service, and thereafter, for the greater part of the time, was in Maine. The letters and postcards, fifteen in number, to which the defendant objects were written from Maine to the complainant between January 7, 1918, and July 23, 1918. Many of them were couched in terms of affection, and one contained a definite proposal as to sexual relations. Admittedly there was a quarrel in August of 1918, and for a time the defendant and the complainant were not friendly. However, there was evidence that they were again intimate and that the defendant kept company with the complainant in December, 1918, in which month, she testified, the defendant got her with child.

The letters were admissible to establish and characterize the intimacy between the parties, which fact was relevant to the issue. Although, with one exception, they did not contain direct declarations or admission of lascivious intent or act, they were not as matter of law too distinct in character nor remote in time. *Beers* v. *Jackman,* 103 Mass. 192. *Francis* v. *Rosa,* 151 Mass. 532. *Negus* v. *Foote,* 228 Mass. 375.

*Exceptions overruled.*