COMMONWEALTH *vs.* GEORGE BIRD.

Suffolk.    May 21, 23, 1928. — September 20, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Evidence,* Public record, Competency, Of illegitimacy. *Practice, Criminal,* Charge to jury; Exceptions: whether error harmful. *Bastardy.*

It was prejudicial error, at the trial of a complaint charging a man with unreasonable neglect to support illegitimate children born to him in 1915 and 1917, where it appears that the mother of the children was married to another man in 1913, to admit in evidence, to show that the husband had no opportunity of access to the mother at the time of the conception of the children, an application for the commitment of the husband to a State hospital in the Commonwealth as an insane person in 1917, which was signed by one who was not shown to have been a public official or charged with any duty in making the application or to have known of the facts stated therein, and which contained a question, whether "the patient" resided in this Commonwealth "five years continuously since 1860, and paid three taxes within said five years? If so, who, when and in what city or town?" and an answer, "In Indiana from 1913 to Dec., 1916; previously in Mass. 8 years."

It was not prejudicial error, at the trial above described, where the defendant testified and admitted that he had lodged with the mother of the children at various places, one being specified as on a street in Boston and another as in Everett, and another witness testified that the defendant had lived with her on the street in Boston, to admit in evidence the official record of the board of election commissioners of Boston for the year 1922 showing that the mother lived at a certain number on the street in Boston and that her reported residence on April 1, 1921, was in Everett, and the same facts as to the defendant.

At the trial above described, where there was evidence that the children were children of the defendant and the wife of another man, it was not error for the judge to instruct the jury that, if the children were the illegitimate children of the defendant, proof of neglect or refusal to support them was *prima facie* evidence that the neglect or refusal was unreasonable.

The record before this court on exceptions by the defendant did not expressly show that the defendant neglected or refused to support the children, nor that any question as to such neglect or refusal was raised at the trial. The defendant denied that he was their father. The charge to the jury contained an instruction that if the jury were satisfied that the defendant was the father "and he has neglected or refused to support . . . and no dispute of that having been made, you may find that he was the father . . . and has unreasonably neglected to support." No objection was made and no exception taken to such remark. *Held*, that a contention by the defendant that there was no evidence that the defendant neglected or refused to support the children was without merit.

COMPLAINT, received and sworn to in the East Boston District Court on March 7, 1927, charging the defendant with unreasonable neglect to provide for the support of his illegitimate children.

On appeal to the Superior Court, the complaint was tried before *Hayes*, J., a judge of a district court sitting in the Superior Court under statutory provisions. Material evidence and exceptions saved by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions.

*B. J. Killion*, for the defendant.

*W. I. Schell*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was found guilty upon a complaint under G. L. c. 273, § 15, charging that he "did unreasonably neglect to provide for the support of Georgette Bird and Adelle Bird, his illegitimate children." The mother

of the children was Adelle Gregory, wife of Arthur Gregory. "No previous adjudication as to paternity had been made against this defendant." The complaint was dated March 7, 1927. The period of neglect was alleged to be "the three months next before the making of this complaint." The mother and her husband, being insane, did not testify at the trial. They were married August 25, 1913. The child Georgette was born December 19, 1915. Adelle was born July 4, 1917.

There was evidence that Arthur Gregory (also known as Archimede Giangregorio), the husband of Adelle Gregory, was committed to the Medfield State Hospital as an insane person on June 11, 1917. The application for his commitment, made by Charles F. Gaynor, was admitted against the defendant's exception. In the application one of the questions asked was, Has the patient resided in this Commonwealth "five years continuously since 1860, and paid three taxes within said five years? If so, who, when, and in what city or town?" The answer was, "In Indiana from 1913 to Dec., 1916; previously in Mass. 8 years." The defendant made a general objection to the introduction of this evidence without specifying any particular part of the record of commitment. In the charge to the jury the judge said: "Likewise you will have the record of the commitment and what is there stated is for your consideration and that may have a bearing as to access or nonaccess to the mother of these children." This part of the charge was excepted to by the defendant.

It is argued by the defendant that this record was not admissible; that the specific part of the record relating to the residence of the husband in Indiana from 1913, to December, 1916, was harmful; that under the instruction given the jury they could consider and give weight to this statement as showing that the husband resided in Indiana from 1913 to December 1916, and not within the Commonwealth during that period, and that he had no access to his wife during this time, one of the children being born December 19, 1915, and the other July 4, 1917.

Many public records of official acts required by law to be

reported are admissible in evidence and are *prima facie* evidence of the facts reported. *Kennedy* v. *Doyle,* 10 Allen, 161, 164. *Shutesbury* v. *Hadley,* 133 Mass. 242, 247. See *Hanson* v. *South Scituate,* 115 Mass. 336, 340; *Worcester* v. *Northborough,* 140 Mass. 397; *Allen* v. *Kidd,* 197 Mass. 256, 259. In *Commonwealth* v. *Slavski,* 245 Mass. 405, the authorities bearing on the question of the admissibility of public records were collected and in the course of the opinion, at page 417, it was said: "The principle which seems fairly deducible from them [the cases cited] is that a record of a primary fact, made by a public officer in the performance of official duty is or may be made by legislation competent *prima facie* evidence as to the existence of that fact, but that records of investigations and inquiries conducted, either voluntarily or pursuant to requirement of law, by public officers concerning causes and effects involving the exercise of judgment and discretion, expressions of opinion, and making conclusions are not admissible in evidence as public records."

Applying this rule to the application for commitment signed by Gaynor, the application was not admissible and the jury could not take into consideration the statement that the husband was a resident of Indiana from 1913 to December, 1916. It did not appear that Gaynor was a public official or that he was charged with any duty in making the application. There is nothing to show in what capacity he acted, or that he knew of the facts stated; the statement as to the residence of Gregory (Giangregorio) in Indiana was not responsive to the question asked. In the circumstances the application was not material. It had no tendency to prove that the husband resided in Indiana during the period stated and could not be considered by the jury as bearing on the question of access or nonaccess. *Jewett* v. *Boston Elevated Railway,* 219 Mass. 528. *Commonwealth* v. *Slavski, supra.* See *Butchers Slaughtering & Melting Association* v. *Boston,* 214 Mass. 254, 258. The defendant's exception to the admission of the application for commitment is sustained.

The official record of the board of election commissioners of Boston for the year 1922 showing that Adelle Bird lived at 754 Parker Street, Suite 1, that her reported residence

on April 1, 1921, was at Everett, that George A. Bird lived at the same place, and that his reported residence on April 1, 1921, was at Everett, was admitted subject to the defendant's exception. Even if this record were inadmissible, and it is unnecessary to decide this question, its admission was in no way harmful to the defendant; he was a witness and did not deny that he was a lodger and boarder in the home of Adelle Gregory; he admitted that he lodged with Adelle Gregory at various places, at Parker Street, and Everett, and paid her $10 a week "for board and room." There was further evidence from witnesses called by the defendant that he lived on Parker Street at the home of the mother of the children. This exception is overruled.

The judge instructed the jury that if Georgette and Adelle Bird were the illegitimate children of the defendant, proof of neglect or refusal to support them was *prima facie* evidence that the neglect or refusal was unreasonable. Where there is evidence of neglect or refusal by a defendant to support his children, such neglect or refusal is *prima facie* evidence that it was wilful, without just cause and unreasonable. There was no error in this instruction. *Commonwealth* v. *Callaghan*, 223 Mass. 150. G. L. c. 273, §§ 7, 15, 16.

The evidence tending to show that Georgette and Adelle Bird were the children of the defendant was competent. His admissions that the children were his, his living with their mother, and all the facts relied on by the Commonwealth were material and admissible on the question of the paternity of the children. *Phillips* v. *Hoyle*, 4 Gray, 568, 571. *Francis* v. *Rosa*, 151 Mass. 532. *Commonwealth* v. *Brophy*, 235 Mass. 438. As there was evidence that the husband of Mrs. Gregory did not have access to her during the time when according to the course of nature he could be their father, *Hemmenway* v. *Towner*, 1 Allen, 209, *Taylor* v. *Whittier*, 240 Mass. 514, and similar cases, are not applicable.

The record does not show that the defendant neglected or refused to support the children, but this question apparently was not in issue and was not raised at the trial. The defendant denied that he was the father of the children, and it would seem that this was the question involved and not that

he refused or neglected to support the children. This is shown by the instructions of the judge where he said "you have the right to take into consideration the testimony that has been submitted to you to determine this question and to determine whether or not the husband did have access to the wife because if the husband had access to the wife there is the presumption of legitimacy and if the husband did not have access and you are satisfied that this defendant did have sexual intercourse with her and as a result of that sexual intercourse Georgette was born and he has neglected or refused to support that child, and no dispute of that having been made, you may find that he was the father of that illegitimate child and has unreasonably neglected to support that child and the same as to Adelle the younger of the children." The words quoted "he has neglected or refused to support that child, and no dispute of that having been made," mean that the refusal to support was not an issue at the trial, and as no objection to this remark was made by the defendant and no exception was taken, we are of the opinion that the defendant's contention that there was no evidence that the defendant neglected or refused to support the children is without merit.

For the reasons that the application for commitment was erroneously admitted and was harmful to the defendant, the exceptions are sustained.

*So ordered.*