SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK
*vs.* FRANK W. HUBBARD.

Suffolk.   January 14, 1936. — June 1, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence,* Competency, Nonjudicial record of another State.

A properly exemplified copy of a certificate of the superintendent of banks of the State of New York reciting his determination to enforce the liability of stockholders of a bank there incorporated, as provided by the New York statutes, and setting forth the value of the assets of such corporation as determined by him after examination and investigation and the value thereof as of a date prior to his determination, which certificate by the New York statute was made "presumptive evidence" of the facts therein stated, was admissible in evidence in an

action by the superintendent to enforce an assessment against a Massachusetts stockholder of the bank in a court of this Commonwealth; and, it being admitted, judgment should have been ordered for the plaintiff.

CONTRACT. Writ in the Superior Court dated December 6, 1933.

The action was heard by *Morton*, J., who excluded the certificate described in the opinion, found for the defendant, and reported the action for determination by this court.

*C. F. Albert*, for the plaintiff.

*R. H. Field*, for the defendant.

LUMMUS, J. This case, like *Superintendent of Banks of New York* v. *Moors, ante*, 518, is an action to recover an assessment upon a stockholder in the Bank of United States. It is agreed that the defendant acquired ten shares before December 11, 1930, and still owns them. The trial judge ruled in favor of the plaintiff that the certificate of the superintendent of banks of the State of New York dated July 17, 1934, made under § 80 of the New York banking law as amended by Laws of 1934, c. 494, showing the facts authorizing an assessment, his determination to make one, and his demand in writing upon the several stockholders, was admissible in evidence. It may be, as was decided in *Broderick* v. *McGuire*, 119 Conn. 83, 101–103, that the New York statute making the certificate not only evidence but "presumptive evidence" of the facts therein stated has no effect in the courts of other States. But the question here is merely one of admissibility, for the facts stated in the certificate are found to be true. If admissible, it supplies all that is needed to establish the liability of the defendant under the case of *Superintendent of Banks of New York* v. *Moors, ante*, 518, and shows error on the part of the trial judge in ruling that the plaintiff could not recover, and in failing to order judgment for the plaintiff.

In *Commonwealth* v. *Slavski*, 245 Mass. 405, 417, it was said that "a record of a primary fact, made by a public officer in the performance of official duty is or may be made by legislation competent *prima facie* evidence as to the existence of that fact." The admission of such official

records is a recognized exception to the hearsay rule. Wigmore, Evidence (2d ed.) §§ 1630–1634. *Commonwealth* v. *Bird,* 264 Mass. 485. *Richards* v. *Robin,* 178 App. Div. (N. Y.) 535, 539. The official record of an officer of another State is admissible. Wigmore, Evidence (2d ed.) § 1633. *Miller* v. *Northern Pacific Railway,* 18 N. D. 19. *People* v. *Reese,* 258 N. Y. 89. If we assume that the public records of another State, to be admissible, must not only be kept under authority of law, but must be admissible by copy in that State (*Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 193, 194), those conditions are satisfied in the case at bar. The banking law of New York provides for the making, recording and admissibility of the certificate. Laws of 1914, c. 369, §§ 11, 72, 80. Laws of 1934, c. 494. The civil practice act of New York, § 367, provides for proof by "exemplified" copy. If thereby we are limited here (compare *Portland Maine Publishing Co.* v. *Eastern Tractors Co. Inc.* 289 Mass. 13) to the admission of a copy exemplified under U. S. Rev. Sts. § 906 (U. S. C. Title 28, § 688; *Atchison, Topeka & Santa Fé Railway* v. *Sowers,* 213 U. S. 55), the copy introduced appears to be properly exemplified, and the defendant does not argue the contrary.

*Judgment for the plaintiff.*