COMMONWEALTH *vs.* HARRY J. WHISTON.

Suffolk.    April 1, 1940. — May 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Husband and Wife.*

The mere facts, that a wife justifiably living apart from her husband earned substantial sums weekly, received regular contributions from her children and was able to pay a substantial monthly rent for an apartment and to refurnish it, would not preclude a finding that her husband acted unreasonably in failing to provide her any support; and no ground appeared for disturbing his conviction for nonsupport under G. L. (Ter. Ed.) c. 273, § 1.

COMPLAINT, received and sworn to in the Municipal Court of the West Roxbury District of the City of Boston on April 15, 1939.

On appeal to the Superior Court, the case was heard by *J. M. Hurley,* J., a District Court judge sitting under statutory authority.

*A. M. Yoffa,* for the defendant.

*H. F. Goldman,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J.    The defendant was found guilty by a judge of the Superior Court sitting without jury, and fined $10, upon a complaint under G. L. (Ter. Ed.) c. 273, § 1 (see now St. 1939, c. 177), which charged that the defendant unreasonably neglected to provide for the support of his wife. The case comes here on report.    G. L. (Ter. Ed.) c. 278, § 30.

The evidence showed that the defendant earned $46 a week.    The wife earned $17 a week as a temporary bookkeeper at the welfare department of the city of Boston, and $11 a week for night work of some sort at a theatre.    In addition, she received $17 a week as "contributions" from her son and daughter.    Whether they lived with her or not, or whether they received board and lodging for their

"contributions," does not clearly appear. The wife had settled a case for personal injury to herself, and with $800 which she received in settlement had bought an automobile which she gave to her son. The wife paid $50 a month as rent for her apartment, and had recently refurnished it completely.

The parties argue this case as though it required a choice between their views as to the duty of support owed by a husband to a wife who has some earning capacity, where they are living apart without fault on her part. The defendant contends that there is no duty of support unless the wife is in danger of becoming a public charge or of lacking the necessaries of life. See *Commonwealth* v. *Acker*, 197 Mass. 91. The Commonwealth contends that possession by the wife of assets, income or earning capacity is immaterial on the question of guilt and punishment, although for some reason the Commonwealth concedes that such possession may furnish ground for refusing an order for periodical payments under G. L. (Ter. Ed.) c. 273, § 5. We see no reason to adopt either of these extreme views. We know of no law that assures the right to a life of idleness to every married woman living apart from her husband for justifiable cause. The statute makes unreasonableness the test of criminal responsibility for failure to support a wife. *Commonwealth* v. *Reilly*, 248 Mass. 1, 5. That necessitates an inquiry into the matrimonial conduct of the wife, the comparative means, responsibilities and needs of both husband and wife, and all the circumstances that a fair minded person would consider in apportioning the income of the disrupted family. See *Dolan* v. *Brooks*, 168 Mass. 350, 353; *Prescott* v. *Webster*, 175 Mass. 316; *Pinner* v. *Temple*, 291 Mass. 406. The statutory power to punish was intended, and is exercised in practice, mainly as a sanction for the performance of orders for periodical payments.

The evidence in the present case is meager. The wife may have been improvident. The financial relations between the wife and her children are left doubtful. The effect upon the wife of working day and night is not stated. But we think that the judge, who had the advantage of seeing

the parties, could find that the wife was working longer hours than were reasonable, that her children were making by way of charity contributions which the defendant had no right to have continue, and that reasonable conduct on the part of the defendant required some provision, however slight, toward her support, that he did not make.

*Judgment affirmed.*