COMMONWEALTH *vs.* MARTIN TRUCZINSKAS.

Norfolk.    May 9, 1945. — May 15, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Husband and Wife.  Evidence,* Presumptions and burden of proof.  *Words,* "Money."

Testimony by a woman, complainant under G. L. (Ter. Ed.) c. 273, § 1, as amended by St. 1939, c. 177, § 1, alleging nonsupport by her husband, that for six months prior to the complaint she "didn't get any money"' from him warranted a finding that he provided her no support during that period.

Under the provisions of § 7 of G. L. (Ter. Ed.) c. 273, proof of neglect by a husband to make reasonable provision for the support of his wife was sufficient to warrant a conviction of nonsupport under § 1, as amended, although no evidence was offered of his ability to provide for her.

COMPLAINT, filed in the District Court of Southern Norfolk on September 23, 1944.

On appeal to the Superior Court, the case was tried before *Hayes,* J., a District Court judge sitting under statutory authority.

In this court the case was submitted on briefs.

*P. A. Sykes,* for the defendant.

*E. R. Dewing,* District Attorney, *&. E. P. Shaw,* Assistant District Attorney, for the Commonwealth.

DOLAN, J.    The complaint against the defendant in this case is that during the six months next before the making of the complaint, "being of sufficient ability," he did unreasonably neglect to provide for the complainant, his lawful wife, against the peace of the Commonwealth and "the form of the statute in such case made and provided." [1] The complaint is dated September 23, 1944.    Having been found guilty in the District Court, the defendant appealed and the case was tried to a jury who returned a verdict of

---

[1] G. L. (Ter. Ed.) c. 273, § 1, as amended by St. 1939, c. 177, § 1.

guilty. The case comes before us on the defendant's exception to the denial of his motion for a directed verdict.

The Commonwealth introduced evidence which would have warranted the jury in finding the following facts: The complainant, Julia Truczinskas, and the defendant were married on or about April 29, 1916. Two sons were born to them, one of whom is married. The other is now in the military service. The complainant and the defendant have been separated for about two years. The complainant had been working but ceased to be employed in August, 1944, because of illness which later necessitated an operation. She is fifty-six years old. For six months prior to the complaint she "didn't get any money" from the defendant. Her rent is $25 a month and she receives $3 a week from each of two boarders. One of the boarders is her grandchild and the other is a man whom her husband invited. The complainant was the only witness presented by the Commonwealth. She was not cross-examined and the Commonwealth rested at the conclusion of her testimony. The defendant also rested and filed a motion for a directed verdict of not guilty which was denied by the judge, and the defendant duly excepted.

The defendant contends that the mere proof of nonreceipt of money from the defendant for the support of the complainant during the period involved is not sufficient to warrant a finding that he unreasonably neglected to provide for her support and maintenance. In support of this contention the defendant argues that provisions for support and maintenance are not "limited or narrowed down to payment of money alone." We are of opinion that this contention is not supportable. It is contrary to the rational inferences that the jury could properly draw from the evidence. We think that in view of all the evidence they could properly interpret the word "money" employed by the complainant in her testimony that she "didn't get any money" from the defendant as having been used in the broad sense of no support.

The defendant further contends that while the complaint charges that, "being of sufficient ability," he unreasonably

neglects to provide for the support and maintenance of the complainant, there is no evidence of such "ability, financial, physical, or otherwise" on his part. The short answer to this contention is that by G. L. (Ter. Ed.) c. 273, § 7, it is provided, so far as here material, that proof of the neglect or refusal of a husband to make reasonable provision for the support and maintenance of the wife ",shall be prima facie evidence that such . . . neglect or refusal is wilful and without just cause." See *Commonwealth* v. *Bird*, 264 Mass. 485, 489. In the instant case the jury could find on the only evidence presented that the defendant did neglect to make provision for the support and maintenance of the complainant, and in the absence of any evidence to show the contrary, and the defendant offered none, a finding was warranted that the neglect was without just cause.

*Exception overruled.*