MILDRED E. WHITNEY *vs.* CECIL E. WHITNEY.

Plymouth.    October 4, 1949. — November 10, 1949.

Present: QUA, C.J., RONAN, SPALDING, & COUNIHAN, JJ.

*Marriage and Divorce,* Alimony, Support of child, Modification of decree.

There was no error in a decree of a Probate Court under G. L. (Ter. Ed.) c. 208, §§ 28, 37, modifying a previous decree, which ordered monthly payments by a divorced husband for the support of his former wife and their three minor children, by increasing the monthly payments more than twenty-eight per cent to an amount constituting about one third of his salary, where it appeared that the increase was necessary to provide adequate support for the former wife and the children in their then circumstances, although the former husband, who had remarried, was unable to pay any increase if he were to continue to live according to his accustomed mode unless he cancelled at least a part of life insurance maintained by him for the benefit of the children.

PETITION, filed in the Probate Court for the county of Plymouth on April 27, 1948.

The case was heard by *Davis,* J., who entered a decree ordering the respondent to pay to the petitioner the monthly sum of $225.

*S. C. Rand,* (*G. V. Mottla* with him,) for the respondent.
*N. Learner,* (*T. A. Flanagan* with him,) for the petitioner.

RONAN, J.   This is an appeal from a decree of the Probate Court for Plymouth County which modified a decree for alimony by increasing the amount to be paid by the respondent for the support of the petitioner and three minor children.

The judge made a report of the material facts and we have a transcript of all the evidence. It is our duty to examine the evidence and to decide the case according to our own judgment. Findings made by the judge are not to be reversed unless they are plainly wrong. We are not limited to the findings made by him, and we may make

such additional findings as are supported by the evidence. The appeal brings before us all questions of law, fact and discretion. *Gordon* v. *O'Brien,* 320 Mass. 739, 740. *Rubinstein* v. *Rubinstein,* 319 Mass. 568, 569. *Heard* v. *Heard,* 323 Mass. 357, 361.

The evidence discloses the facts now enumerated, many of which have been found by the trial judge and some of which we have ourselves found. The petitioner was granted a divorce from the respondent on July 11, 1944, the decree nisi awarding custody of the three minor children, then aged seven, five and four years, respectively, to the petitioner, and ordering the respondent to pay her $125 monthly for the period from May 1 to October 1 and $140 a month from October 1 to May 1 in each year. A decree entered April 26, 1945, increased this amount to $175 a month. The respondent was ordered by a decree entered on June 25, 1946, to pay medical expenses incurred by the illness of one of the children, and to continue to pay the petitioner monthly the sum of $175. A subsequent decree ordered him to pay certain other medical bills resulting from the illness of another one of the children. By a decree dated August 25, 1947, the petitioner was required to pay to the respondent $25 a month until $2,000 was paid on account of her failure to return a diamond brooch belonging to him. The respondent has deducted this amount from all monthly payments subsequently made by him. The present petition alleged that the monthly payments were insufficient to care for the needs of the petitioner and the children; that they were not properly fed or clothed on said allowance; and that the respondent is possessed of sufficient property and income to provide proper support and maintenance for them. The petitioner's expenses, including payments made on a mortgage on her home where she resides with the children, amount to $333.74 a month. Before the purchase of this house she lived in a house owned by an antique society, paying a monthly rental of $5, but the house was soon to be open to the public. It was an unsuitable place for a home for children. She received $300 in 1947 from a

candy business, but it became unprofitable and the business ceased early in 1948. Other than the allowance from her husband she has no source of income. She owes about $2,300. The respondent is an attorney earning $600 a month and a bonus at the end of the year. During 1947 he received $7,700. He married again in April, 1948, and is now living in a house owned by his present wife. The house where he formerly lived has been rented at $65 a month. This amount is insufficient to pay the carrying charges on the mortgage. He incurred an expense of $300 in repairing it. The balance of his income after paying $150 a month is expended in paying interest on his indebtedness and mortgage, and living expenses. He has a considerable amount of life insurance payable to his children. He owes a large indebtedness. The petitioner is unable to support herself and the children on an allowance of $150 a month. The respondent is unable to pay any substantial increase if he continues to live according to his accustomed mode, unless he cancels all or a part of his life insurance.

The amount of alimony to be awarded to a wife and children whose custody has been awarded to her rests to a considerable extent in the discretion of the judge, *Foster* v. *Foster*, 130 Mass. 189, 190, 191; *Coe* v. *Coe*, 313 Mass. 232, 235, after a consideration of all the facts, including the needs of the wife and the children, the financial worth of the husband, the station in life of the parties, and their mode of living, *Topor* v. *Topor*, 287 Mass. 473; *Baird* v. *Baird*, 311 Mass. 329, in order that a just and reasonable allowance may be made for the support of the wife and children. *Graves* v. *Graves*, 108 Mass. 314, 321. *Commonwealth* v. *Whiston*, 306 Mass. 65, 66. In the great variety of circumstances that are presented in cases involving the question of alimony, no inflexible rule can be formulated defining the weight that should be given to each of the factors which must be regarded in deciding the amount of the award. *Commonwealth* v. *Pouliot*, 292 Mass. 229, 231, 232. *O'Reilly* v. *O'Reilly*, 293 Mass. 332, 333, 334. *Commonwealth* v. *Whiston*, 306 Mass. 65, 66. *Klar* v. *Klar*, 322 Mass. 59, 60.

The custody, support and care of minor children are an important part of divorce proceedings, and decrees concerning the children should be determined by what in all the circumstances will best serve their welfare. They are entitled to adequate support and maintenance in so far as it is reasonably within the power of the father to furnish it. A decree concerning the care, custody and maintenance of the children may be revised and altered from time to time, "as the circumstances of the parents and the benefit of the children may require." G. L. (Ter. Ed.) c. 208, § 28. *Perkins* v. *Perkins*, 225 Mass. 392, 397, 398. *Hersey* v. *Hersey*, 271 Mass. 545, 549. *Heard* v. *Heard*, 323 Mass. 357. It is no bar to a decree for alimony that the husband has again married if the decree is otherwise supported by the facts. *Ziegler* v. *McKinlay*, 318 Mass. 765, 767. Compare *Brown* v. *Brown*, 222 Mass. 415, 417.

A Probate Court may by G. L. (Ter. Ed.) c. 208, § 37, "from time to time, upon the petition of either party, revise and alter its decree relative to the amount of such alimony or annual allowance and the payment thereof . . . ." A decree is binding and conclusive upon the parties thereto and cannot be collaterally attacked so long as it stands. It settles all matters which were necessarily involved and all issues which are actually tried and determined until reversed, revised or modified. *Gifford* v. *Gifford*, 244 Mass. 302, 305. *Williamson* v. *Williamson*, 246 Mass. 270, 274. But the power to modify is broad and general, and a decree may be changed from time to time to meet the changing conditions of the parties so as to make a fair and reasonable provision for the support and maintenance of a wife and minor children. *Smith* v. *Smith*, 190 Mass. 573, 575. *Gediman* v. *Cameron*, 306 Mass. 138, 141.

We cannot say upon this evidence that a monthly allowance of $225 (which will only net $200 until all payments for the brooch are made) is inequitable or unreasonable. It amounts to only about one third of the respondent's salary. It certainly cannot be deemed to be excessive in view of the actual needs of the wife and the children. We are satisfied

on this record that it is not unjust to compel the respondent to adjust his expenses to meet the balance of his monthly salary, disregarding any annual bonus that he may receive, rather than to compel the petitioner and the children to live on any amount less than this allowance. *Fitzgerald* v. *Fitzgerald,* 244 Mass. 61, 63. *Commonwealth* v. *Whiston,* 306 Mass. 65, 66.

The respondent contends that there are no allegations, findings or evidence of a change in circumstances to justify the decree. The petitioner did not in terms allege a change of circumstances of the parties. The respondent relies upon *Coughlin* v. *Coughlin,* 312 Mass. 452, and *Coe* v. *Coe,* 320 Mass. 295.[1] But the instant petition alleges that the previous allowance awarded to the petitioner was insufficient to support herself and the children, and that the respondent was possessed of property ample to maintain them. No question of pleading was raised in the Probate Court. No specifications were requested by the respondent. We are of opinion that the allegations of the petition when reasonably interpreted were enough to permit the petitioner to show that the circumstances had changed to such an extent as to justify an increase in the allowance. We do not agree with the respondent that such a change could not be found. He points out that all the material facts upon which the petitioner relies were adjudicated in previous hearings as not being sufficient to justify an increase in the allowance. In the absence of evidence that these facts were necessarily involved and actually tried and determined in the previous proceedings, we cannot say what formed the basis of any previous decree. We cannot go beyond the record in the present case or consider matters outside the record. *Gordon* v. *Guernsey,* 316 Mass. 106, 108. *Comstock* v. *Dewey,* 323 Mass. 583.

Even if the events disclosed by the record occurred previous to the entry of any of the former decrees, they were

---

[1] The petition for modification in the first case, in so far as the point now raised is concerned, was based mainly on the ground of newly discovered evidence, and the petition in the second case did no more than recite the previous decree and allege that the respondent was able to pay more.

without objection introduced in the testimony at the hearing of the present petition, and it was not error for the judge to consider them. The effect of these events could be found to be reflected in the present situation of the petitioner. It may be that such facts considered separately or collectively were insufficient basis for the modification of a previous decree but that, when added to events occurring since such previous decree, they are sufficient to turn the scales in favor of the petitioner. Moreover, there was evidence that the petitioner received $300 profit from her candy business in 1947, that she had lost this source of income previous to the hearing, that an increase in her food bill, at least in one particular, should be made, and that she has no source of income other than the allowances made by the respondent. The present circumstances of the wife and children require an additional allowance, and while it is unfortunate that the cancellation of the life insurance of the respondent might become necessary, that matter is subordinate to satisfying, to the extent granted, the immediate and existing needs of the petitioner and the children. *Bursler* v. *Bursler*, 5 Pick. 427.

Costs and expenses of this appeal may be allowed to the petitioner or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288.

*Decree affirmed.*