COMMONWEALTH *vs.* ANTHONY R. MARINO.

Essex. February 5, 1962. — March 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Husband and Wife,* Nonsupport. *Parent and Child. Evidence,* Presumptions and burden of proof. *Practice, Criminal,* Requests, rulings and instructions, Charge to jury.

Testimony that a husband was able to work but provided no support for his wife or their two minor children during a period after he had left them warranted his conviction under G. L. c. 273, § 1, of unreasonably neglecting and refusing to provide for their support and maintenance, even though he was not employed during that period.  [726]

At a criminal trial, there was no error in the refusal of a request for an instruction calling for a discussion of a rule of evidence.  [726–727]

No error was shown in a criminal case by the defendant's exceptions to the refusal of requests for instructions which correctly stated the law and were applicable where the charge was not included in the bill of exceptions.  [727]

At the trial of a complaint under G. L. c. 273, § 1, for nonsupport of a minor child claimed by the defendant not to be his child, there was no error in an instruction to the jury that disbelief of evidence that the defendant's wife had not had intercourse with other men did not constitute affirmative evidence that she had had such intercourse.  [727–728]

At the trial of a complaint under G. L. c. 273, § 1, for nonsupport of the defendant's wife after he had left her, there was no error in a portion of the charge which, properly construed, meant merely that the reasonableness of his leaving her was to be determined by her conduct before their separation, and did not mean that her conduct after the separation was irrelevant to the reasonableness of the nonsupport.  [728]

COMPLAINT, received and sworn to in the District Court of Southern Essex on June 22, 1960.

On appeal to the Superior Court the case was tried before *Gourdin,* J.

*James A. Murphy,* for the defendant.

*Peter F. Brady,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.  On appeal to the Superior Court, the defendant was convicted on a complaint charging him with unreasonably neglecting and refusing (being of sufficient

ability) to provide for the support and maintenance of his wife and two minor children during the three months' period next preceding June 22, 1960. G. L. c. 273, § 1. The case comes here on the defendant's exceptions to the denial of his motion for a directed verdict, to the refusal to grant certain requests, and to portions of the charge.

The defendant's wife testified as follows: She and the defendant were married in Lynn on June 10, 1957. Two sons, Anthony and Ronald, were born of the marriage on January 31, 1958, and April 30, 1959, respectively. The defendant left her on July 9, 1958. Although able to work, he has provided no support for her and the children during March, April, May, and June, 1960. The pregnancy which resulted in the birth of the second child, Ronald, in April, 1959, was a consequence of intercourse with the defendant on July 13, 1958, which was procured by force.

The defendant testified that he was not incapacitated for work during March, April, May, and June, 1960, that he was not employed during these months, and that in this period he "only looked for work in two places." The defendant denied that he had had intercourse with his wife since June, 1958.

1. The judge did not err in denying the defendant's motion for a directed verdict. On the foregoing evidence the jury could have found that the defendant committed the offence defined by G. L. c. 273, § 1, by unreasonably neglecting and refusing to provide for the support and maintenance of his wife and two minor children. It is provided by G. L. c. 273, § 7, that "Proof of the desertion of the wife or child, or of the neglect or refusal to make reasonable provision for their support and maintenance, shall be prima facie evidence that such desertion, neglect or refusal is wilful and without just cause." *Commonwealth* v. *Truczinskas,* 318 Mass. 298.

2. The defendant's fourth, fifth, sixth, and seventh requests, which are set forth in the margin,[1] were refused,

---

[1] "Fourth. There is no law that assures the right to a life of idleness to every married woman living apart from her husband even for justifiable cause. The statute makes unreasonableness the test of criminal responsibility for failure to support a wife. . . .

subject to the defendant's exception.  The refusal to give
the sixth request reveals no error.  That request called for
a discussion of a rule of evidence; it is the wise course to
omit such matters from a charge.  We assume that the
other requests correctly stated the law and were applicable,
but a complete answer to the exception is that the ". . .
charge is not before us, and we must assume that full and
proper instructions were given with regard to what must
be proved to entitle the prosecution to a verdict of guilty."
*Commonwealth* v. *Sovrensky,* 269 Mass. 460, 463.  The de-
fendant, as the excepting party, was bound to see that the
bill of exceptions included all that was necessary to enable
us to decide whether the rulings of which he complains were
or were not erroneous.  *Lenehan* v. *Travers,* 288 Mass. 156,
160.  This he did not do.

3.  The defendant sought to prove that his wife had mis-
behaved and that he was not the father of the second child.
To that end the defendant's wife was asked on cross-exami-
nation whether she was presently keeping company with
one Blood, and she stated that she was.  She testified that
she knew one Cambece before her marriage but had "never
had a date with . . . [him] since her marriage."  She fur-
ther testified that at no time had she ever had intercourse
with either Blood or Cambece.  Cambece, called by the de-
fendant, was asked if he had ever had intercourse with the
defendant's wife "and his answer was no."  There was no
other evidence concerning the wife's relations with Blood
or Cambece.  The judge in his charge stated, subject to the
defendant's exception, "There is no evidence of intercourse
by Mrs. Marino with Mr. Cambece or Mr. Blood.  When

"Fifth.  Unreasonableness being the test for criminal responsibility for
failure to support a wife, that necessitates an inquiry into the matrimonial
conduct of the wife, the comparative means, responsibilities and needs of both
husband and wife, and all the circumstances that a fair minded person would
consider in apportioning the income of the disrupted family. . . .

"Sixth.  In this Commonwealth statutory authority allowing testimony by
spouses as to nonaccess exists . . . in prosecution for nonsupport.  Both the
husband and wife are competent to testify against each other to any relevant
matters including the fact of their marriage and the parentage of the minor
children involved. . . .

"Seventh.  In Massachusetts, presumption that child born in wedlock is
legitimate can be overcome by proof that the husband had no access to mother
during the time when, according to the course of nature, he could be the father
of the child."

the question is asked and the answer is no it knocks out the question.'' There was no error. The judge was in effect instructing the jury in homely, nontechnical language that the answer, even if disbelieved, did not constitute affirmative evidence that Cambece or Blood had had intercourse with the defendant's wife. *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, 330.

4. The judge, subject to the defendant's exception, charged: ''What happened after the defendant left his wife is not what made him leave her. The matrimonial conduct of his wife before he left is what determines the reasonableness of his action.'' The defendant argues that this instruction is contrary to what was said in *Commonwealth* v. *Whiston,* 306 Mass. 65. If this language is to be construed as meaning that the wife's conduct after the defendant left her was not relevant to whether the defendant was unreasonable in neglecting to support her, it would be difficult to sustain. We think, however, that, reading the two sentences together, they could fairly be understood as meaning that the conduct of the wife before they separated is what determines the reasonableness of the defendant's action in leaving her. As so construed, as we think they should be, there was no error.

*Exceptions overruled.*