COMMONWEALTH *vs.* VINCENT ZARRILLI.

Middlesex.     October 15, 1976. — July 19, 1977.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Practice, Criminal,* Requests, rulings and instructions.    *Evidence,* Presumptions and burden of proof.    *Husband and Wife,* Nonsupport.

At the trial of a complaint charging that the defendant, during a two-month period, neglected and refused to provide for his wife and his five minor children, the Commonwealth's evidence, which revealed

---

little concerning the wife's financial situation or the defendant's obligations during the period in question and omitted any proof of the ages of the children, was insufficient to warrant a conviction on either count. [519-521]

COMPLAINT received and sworn to in the First District Court of Southern Middlesex on November 22, 1974.

On appeal to the Superior Court, the case was heard by *Bennett, J.*

*Henry P. Sorett* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney (*James W. Sahakian,* Special Assistant District Attorney, with him) for the Commonwealth.

GOODMAN, J. The defendant was found guilty by a judge in the Superior Court, sitting without jury, on each of two counts of a complaint charging (in count 1) that "during the two months before the making of this complaint [entered on November 22, 1974] ... [the defendant] did unreasonably neglect and refuse to provide for the support and maintenance of ... his lawful wife." The second count made the same charge with reference to "his [five] minor children," whose names and dates of birth were listed in the complaint. The defendant is before this court on a bill of exceptions; we need discuss only one of the two exceptions argued in his brief. We hold that the judge improperly denied the defendant's motion made at the end of the Commonwealth's case (which we treat as a request for a ruling; see *Commonwealth* v. *Hughes,* 364 Mass. 426, 427, n.2 [1973]; *Commonwealth* v. *Budreau,* 372 Mass. 641, 642 [1977]), raising the issue of the sufficiency of the evidence to convict on either count. We consider only the evidence introduced before the Commonwealth rested. See *Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 & n.1 (1976).

The defendant's wife, Mrs. Zarrilli, who had made the complaint, was the sole witness for the Commonwealth; her testimony as set out in the bill of exceptions is sparse and vague. Thus, there is nothing in the bill of exceptions to indicate that the children were minors, and for this reason alone the finding of guilty on count 2 cannot stand. The

ages alleged in the complaint cannot aid the Commonwealth. It is basic that such allegations are not evidence and that the Commonwealth must prove its case only by evidence produced in court. See *Commonwealth* v. *Boyd,* 367 Mass. 169, 188 (1975), and cases cited; *Phillips* v. *Phillips,* 336 Mass. 561, 563-564 (1958).

Nor is there sufficient evidence to sustain the finding of guilty on count 1. From Mrs. Zarrilli's testimony, it is clear that she had available to her $5,300 in savings, which was the property of the marriage, and $3,000 which she received in December of 1974 as rent under a lease on a piece of commercial property which the defendant had sometime earlier caused to be conveyed to her. Thus, this is not a case in which it can be said that the defendant made no provision at all to meet his obligation of support and maintenance as in, e.g., *Commonwealth* v. *Callaghan,* 223 Mass. 150, 151, cert. den. 241 U. S. 667 (1916); *Commonwealth* v. *Truczinskas,* 318 Mass. 298, 299 (1945); *Commonwealth* v. *Marino,* 343 Mass. 725 (1962). The testimony that he made no payments during the two-month period in question is not controlling in the peculiar circumstances of this case. There is no requirement that the provision for support be made on a weekly or monthly basis rather than by some other financial arrangement which relates to the period in question. Therefore, there is no sufficient basis for a finding of guilty through the application of G. L. c. 273, § 7, which provides that (as stated in *Commonwealth* v. *Bird,* 264 Mass. 485, 489 [1928]), "[w]here there is evidence of neglect or refusal by a defendant to support his [wife or] children, such neglect or refusal is prima facie evidence that it was wilful, without just cause and unreasonable." See *Commonwealth* v. *Truczinskas, supra,* at 299-300.

Accordingly, we must assess all the circumstances to determine whether they warranted a finding that the provisions made for Mrs. Zarrilli were unreasonable. *Commonwealth* v. *Whiston,* 306 Mass. 65, 66 (1940). However, the bill of exceptions tells us nothing about her situation except that "her average monthly expenses were $1,500.00, in-

Commonwealth *v.* Zarrilli.

cluding mortgage payments on the marital home in which she and the children were residing."[1] But that reveals little. There is nothing to indicate the period over which the "average" of the expenses was taken or how they relate to such amounts as were available to her from the defendant. Indeed, there is nothing to indicate how much of her expenses was related to her support and maintenance and how much was business expenses in connection with her employment as a real estate broker from which she had derived income during the year.

We have in mind, as the Commonwealth urges, that the duty of a husband under G. L. c. 273, § 1, is not premised on a showing that his wife and children are destitute. Nor is the duty negatived by the fact that the wife may somehow be able to maintain herself and her children. *Commonwealth* v. *Whiston, supra. Commonwealth* v. *Herrick,* 263 Mass. 25, 26 (1928). See *Commonwealth* v. *Callaghan, supra.* And much must be left to the trial judge who has seen the parties. *Commonwealth* v. *Whiston, supra,* at 66-67. This is particularly true in proceedings under this statute in which the complaining wife is apt to be the only witness and testifies to a relatively uncomplicated set of circumstances.[2] The question is close, but we cannot say on this record — analyzing the evidence, as we have, in the light most favorable to the Commonwealth — that the trial judge was warranted in his finding of guilty on count 1.

Accordingly, the exceptions are sustained, the judgment on count 2 is reversed (*Commonwealth* v. *Reed,* 364 Mass.

---

[1] She also testified that "after the defendant moved out [in June of 1974], she remained in the marital home which was worth $59,000.00, and was owned by her and the defendant as a tenancy by the entirety." She also retained all of the furnishings which had been purchased during the marriage, and "she kept a 1970 Ford Country Squire and he kept a 1968 Buick."

[2] We express no opinion as to the desirability of the use in this relatively complex case of the criminal process rather than the probate court — which indeed had refused a support order.

545, 546-547, 548 [1974]), and the findings on both counts are set aside.[3] Judgment on the complaint is to be entered for the defendant.

*So ordered.*

---

[3] The sentences originally entered were subsequently revoked on the defendant's motion to revise and revoke the sentences. G. L. c. 278, § 29C. The defendant was thereupon placed on probation on count 2; no further action was taken pursuant to the finding of guilty on count 1. (No support order was entered pursuant to G. L. c. 273, § 5.) Our action setting aside the finding on count 1 is in accordance with *Commonwealth* v. *Boone,* 356 Mass. 85, 88 (1969) and *Commonwealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975).