COMMONWEALTH *vs.* DONALD J. PROVENCHER.   December 11, 1981. The defendant appeals from his conviction on a complaint charging him with unreasonably neglecting to provide for the support of his two minor children while having the ability to do so. G. L. c. 273, § 1.

1. We need make no comment on the defendant's contention that G. L. c. 273, § 1, applies only to a spouse and not to a former spouse because the complaint was brought under that portion of the statute which pertains to the support of minor children.

2. Equally without merit is the defendant's contention that as a recipient of welfare funds, the complainant, his former wife, had assigned her rights to support to the Department of Public Welfare, and, hence, under G. L. c. 18, § 21, only the Department could seek a complaint against him. Even if the complainant had assigned her right to receive support

for the minor children to the Department, she was not thereby relieved of all responsibility or ability to assist the Department in procuring payments from the defendant, see 106 Code Mass. Regs. § 305.034(D) (1979), and to refund any monies to the Department covered by the assignment and received from the defendant. 106 Code Mass. Regs. § 305.035(D) (1979). As noted in an analogous context in *Brady* v. *Brady*, 380 Mass. 480, 486 (1980): "Requiring the department to institute legal proceedings each time it sought to enforce its subrogation rights would frustrate the beneficial purposes of [G. L. c. 18, § 21]."

3. The defendant next argues that the complaint should have been dismissed because, as noted in the agreed statement under Mass.R.A.P. 8(d), as amended, 378 Mass. 934 (1979), contempt proceedings were in existence in the Probate Court and he "faced double incarceration." Even assuming that a complaint for criminal contempt and a complaint under G. L. c. 273, § 1, embrace the same criminal act, but see *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306 (1972), and compare *Ainslie* v. *Ainslie*, 6 Mass. App. Ct. 692, 693-694 (1978), and *Furtado* v. *Furtado*, 380 Mass. 137, 150 (1980), with *Commonwealth* v. *Zarrilli*, 5 Mass. App. Ct. 518, 520-521 (1977), we would not conclude on the scant facts set out in the "agreed statement" and recited above that the present complaint was barred by the guaranty against double jeopardy. See *Fadden* v. *Commonwealth*, 376 Mass. 604, 609-611 (1978), cert. denied, 440 U.S. 961 (1979). See also *Serfass* v. *United States*, 420 U.S. 377, 388 (1975).

4. The Commonwealth was not required to prove that the defendant had earned income during the time period specified in the complaint. *Commonwealth* v. *Marino*, 343 Mass. 725, 726 (1962). Cf. *Commonwealth* v. *Zarrilli*, 5 Mass. App. Ct. at 520-521.

5. The defendant's remaining contentions are no more than assertions which do not constitute argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

*Bernard W. Fang* for the defendant.

*Robert L. Rossi*, Assistant District Attorney, for the Commonwealth.