COMMONWEALTH *vs.* ALBERT HUSSEY. November 8, 1982. The defendant appeals from his conviction on a complaint charging him in two counts with unreasonably neglecting (being of sufficient ability) to provide for the support and maintenance of his wife (first count) and of his two minor children (second count). He claims error in the denial of his motion for a required finding of not guilty on both counts and in the admission of certain evidence.

1. The motion should have been granted as to count one. Uncontroverted evidence introduced by the Commonwealth indicated that the former wife of the defendant was married to one Moran. Since there was no evidence that the defendant was married to his former wife at any time during the period for which he was charged with neglecting to support her, the Commonwealth has failed to prove an essential element of the offense charged under G. L. c. 273, § 1.

2. While the evidence as to count two was scant, we think it was sufficient to withstand the defendant's motion for a required finding of not guilty. We reverse and remand, however, because a "wage report" on which the judge may have relied was inadmissible and should have been excluded.

Although Federal regulations require the Department of Public Welfare to exert pressure (by providing protective payments, see 45 C.F.R. § 234.60[a][7] [1981]) on an applicant who fails to appear as a witness in proceedings to obtain support, see 45 C.F.R. §§ 232.12(a)(3), 232.12(b) (2) & 232.12(d)(2) (1981), it does not appear that the department did so. See also 106 Code Mass. Regs. §§ 303.700 & 303.720(A)(2)(b), as amended, May, 1980. In any event, the former wife of the defendant did not testify, and the only witness at trial was an employee of the department. Testifying from business records of the department, she stated that the former wife is receiving payments from the department ($314 a month) for the support of the defendant's two minor children. She also testified that the total payments the wife received from the defendant during the last seven years preceding the complaint for the support of herself and her two children amounted to $175. See *Commonwealth* v. *Gruttner,* 385 Mass. 474, 481 (1982) (only six-year period is relevant).

The evidence that the children were on welfare came from business records of the department and could be the basis of testimony by the department employee. See G. L. c. 233, § 78. The defendant's claim

that such evidence was inadmissible hearsay because he could not question his former wife concerning the legitimacy of her claim to welfare benefits is without merit. He is not entitled to exclude the fact that welfare payments are being made to his family on the ground that the department's decision rested in part on information obtained from the wife. The "danger" of his children "becoming a burden on the public" is a relevant element under G. L. c. 273, § 1, and the evidence that the children were public charges was competent without cross-examination of the wife. Moreover, the defendant had the opportunity to cross-examine the department employee concerning its investigation.

The admission of evidence that the defendant's total payments to his wife amounted to $175 during the seven-year period prior to the complaint is more troublesome. Before the department employee took the stand, the defendant objected to her testifying on the ground, among others, that her testimony would be hearsay. The trial judge informed the defendant that he would allow the witness to testify and that the defendant should object to those portions he deemed inadmissible. The defendant objected to many parts of the employee's testimony, but did not object to or move to strike the evidence relating to the defendant's payments to his former wife. In these circumstances, the evidence could have been received without the direct testimony of the wife, and we need not consider whether it would have been otherwise admissible.

Over the objection of the defendant, the department employee was permitted to testify from a "wage report" of the defendant's employer that the defendant was employed from 1977-1979 at a wage of $200 a week. This evidence should have been excluded. The department did not make the wage record; it simply received it. *Wingate* v. *Emery Air Freight Corp.*, 385 Mass. 402, 406-407, and see at 409 discussion by Liacos, J., concurring (1982). The document did not qualify as a business record of the department, *ibid.*, and as there was no foundation laid for its admission as a business record, if it was one, of the defendant's employer, the testimony did not come within the business record exception of the hearsay rule. G. L. c. 233, § 78.

It does not follow, however, that the defendant's motion for a required finding should have been granted. Evidence of the defendant's financial ability is not required to support a conviction if, as here, there is evidence that the children are on welfare and that the payments made by the defendant were negligible. General Laws, c. 273, § 7, as appearing in St. 1977, c. 848, § 4, provides that proof of "neglect . . . to make reasonable provision for . . . support . . . shall be prima facie evidence that such . . . neglect . . . is wilful and without just cause." *Commonwealth* v. *Truczinskas*, 318 Mass. 298, 299-300 (1945). *Commonwealth* v. *Marino*, 343 Mass. 725, 726 (1962). *Commonwealth* v. *Provencher*, 12 Mass. App. Ct. 989, 990 (1981). No challenge to the application of G. L. c. 273, § 7, has been made.

Although we conclude that there was sufficient evidence to warrant a conviction under G. L. c. 273, § 1, on count 2, the judge was, of course, not required to find the defendant guilty. Since the inadmissible evidence of the "wage record" of the defendant's employer may have contributed to the guilty finding, we reverse the judgment, set aside the finding, and remand the case for a new trial on count 2. On count one the judgment is reversed and the finding set aside. Judgment for the defendant is to be entered on count one.

*So ordered.*

*Daniel M. Henderson* for the defendant.
*David B. Mark,* Assistant District Attorney, for the Commonwealth.