Coven, J.
This is an action on a promissory note. Partial summary judgment for the plaintiff was allowed, an evidentiary hearing for the assessment of damages was held and judgment was entered for the plaintiff. The defendant has appealed two evidentiary rulings.
In 1991, the defendant executed a promissory note for $20,000.00 in favor of the Shore Bank and Trust Co. In 1993, the FDIC assumed the assets of Shore Bank and Trust Co. The plaintiff purchased the defendant’s promissory note from the FDIC in April, 1993, and the defendant defaulted in his payments on the note sometime thereafter.
The sole witness at the assessment of damages hearing was an individual who performed collection work for the plaintiff. His testimony with regard to the amount owed on the note was limited to information contained in a computer printout produced at the plaintiff’s office. The witness testified that he supervised the in-put of figures taken from the promissory note into the plaintiff’s computer which then generated a printout of the defendant’s account. No evidence was offered as to the manner in which principal and *203 payments were calculated from the inception of the note through the time of transfer from the FDIC to the plaintiff in 1993. The computer printout was admitted into evidence over the defendant’s objection.
The witness also testified about certain telephone conversations he had with the defendant as to the debt then owed. The first telephone conversation in October, 1993, concerned the defendant’s then delinquency in payments for four months at $536.47 per month. The witness further testified as to a second conversation with the defendant in the spring of 1994 in which he discussed a debt then in excess of $12,000.00. The defendant objected to the admission of these telephone conversations into evidence in the absence of a proper foundation for the same.
1. A computer printout may be admissible despite its hearsay content if it satisfies the statutory foundation requirements for a business record. Pursuant to G.L.c. 233, §78, a business record is admissible if it is:
(a) made in good faith;
(b) made in the regular course of business;
(c) made before the commencement of the legal action and, hence, not in contemplation of litigation; and
(d) if it is the regular course of business to make such records.
While a business record may itself be admissible under the statute, all of the information contained in that record may not be admissible for its substantive value. Even if the four statutory prerequisites have been satisfied, the burden is on the proponent of the evidence to demonstrate additionally that the information contained in the business record was either originally reported to the preparer as a matter of business duty, or would otherwise fall under a separate exception to the hearsay rule. Irwin v. Ware, 392 Mass. 745, 749 (1984); Wingate v. Emery Air Freight Corp., 385 Mass. 402,406 (1982). See also Tosti v. Ayik, 394 Mass. 482,489 (1985); Commonwealth v. Duddie Ford Inc., 28 Mass. App. Ct. 426,434 n. 8 (1990).
The trial court admitted the computer printout into evidence on the basis of the single witness’ testimony that he oversaw the entry of the figures into the computer. The information contained in the computer printoüt included, however, the figures on the promissory note and debt compiled by the FDIC prior to transferring the note to the plaintiff. There was no evidence as to how that information was computed by the FDIC, by whom, and whether it was calculated in the regular course of the FDIC’s business.[1] There was absolutely no evidence to show that the information received from the FDIC and included in the printout came from someone who had a business duty to report it to the preparer. Commonwealth v. Hussey, 14 Mass. App. Ct. 1015, 1016 (1982); Kelly v. O’Neil, 1 Mass. App. Ct. 313, 316 (1973).
As the plaintiff failed to sustain his burden, the computer printout was improperly admitted for the substantive value of all of the information contained therein.
2. It was also error to admit into evidence the witness’ purported telephone conversations with the defendant.
A witness may offer testimony based on telephone conversations only if he is competent to identify the other person in the conversation. Commonwealth v. Leonardi, 413 Mass. 757, 764-765 (1992); Commonwealth v. Perez, 411 Mass. 249, 262 (1992); Chartrand v. Registrar of Motor Vehicles, 345 Mass. 321, 325 (1963). The mere assertion of the other person’s identity by the witness does not constitute sufficient authentication.
Here, the plaintiff did not lay an initial foundation indicating the source and accuracy of the telephone number called by the witness, or even that the person on the telephone identi *204 fied himself as the defendant. In some situations, where the person on the telephone identifies himself as the person called by the witness, and where the conversation reveals that the person had knowledge of facts that would be particularly and peculiarly in the possession of the person called, the necessary authentication is achieved. See Rich v. Weeks, 279 Mass. 452, 454-456 (1932). However, in the absence in this case of the person called identifying himself as the defendant, of any evidence of the accuracy of the telephone number, and of any indication that the witness recognized the voice of the defendant from a prior conversation, the necessary elements of authentication were not established.
3. Accordingly, the judgment for the plaintiff is vacated. This matter is returned to the trial court for a new evidentiary hearing for the assessment of damages.
So ordered.

 Apparently, the plaintiff had attempted to summons an employee of the FDIC to satisfy his burden, but the employee failed to appear at the trial. The plaintiff could, however, have easily satisfied his burden by offering copies of the records from the FDIC, together with a notarized affidavit stating that the affiant was the officer in charge of the original records and that the copy was correct and complete as it related to the promissory note in question. G.L.c. 233, §77.