COMMONWEALTH *vs.* RAOUL P. GALVIN, JR.

Plymouth. December 6, 1982. — March 4, 1983.

Present: ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Statute,* Construction. *Illegitimate Child,* Support. *Parent and Child,*
   Support of illegitimate child. *Practice, Criminal,* Support of il-
   legitimate child. *Practice, Civil,* Support of illegitimate child.

An adjudication of paternity made in the course of a proceeding under
   G.L. c. 273, § 15, for nonsupport of an illegitimate child does not sur-
   vive a finding that the defendant is not guilty of wilful or negligent
   nonsupport. [329-330]

COMPLAINT received and sworn to in the Fourth
Plymouth Division of the District Court Department on
April 30, 1981.

On appeal to the jury of six session, questions of law were
reported by *Champagne,* J., to the Appeals Court. The
Supreme Judicial Court ordered direct review on its own in-
itiative.

*Lee M. Berger* for the defendant.

*Elin H. Graydon* for the Commonwealth.

ABRAMS, J.  After a bench trial in the first instance, see
G.L. c. 218, § 26A, the defendant Galvin was acquitted of
nonsupport of an illegitimate child. G.L. c. 273, § 15.  In
the course of the proceedings pursuant to § 15,[1] a District-
Court judge determined that Galvin was the child's father,
but found him not guilty of wilful or negligent nonsupport.

---

[1] General Laws c. 273, § 15, as amended by St. 1979, c. 621, § 2, pro-
vides in pertinent part: "Any parent of an illegitimate child . . . who
neglects or refuses to contribute reasonably to its support and
maintenance, shall be guilty of a misdemeanor. If there has been any
final adjudication of the paternity of the child, such adjudication shall be
conclusive on all persons in proceedings under this section; otherwise, the
question of paternity shall be determined in proceedings hereunder."

The defendant appealed the adjudication of paternity to the jury-of-six session. G.L. c. 218, § 27A. G.L. c. 278, § 18. Prior to trial, he filed a motion to dismiss on the ground that he had been found not guilty of wilful or negligent nonsupport under G.L. c. 273, § 15. The trial judge reported questions to the Appeals Court concerning whether an adjudication of paternity under G.L. c. 273, § 15, survives the determination that the defendant is not guilty of wilful or negligent nonsupport.[2]  See Mass. R.Crim.P. 34, 378 Mass. 905 (1979). We transferred the case to this court on our own motion. We conclude that the defendant's motion to dismiss should be allowed.

The Commonwealth urges this court to hold that an adjudication of paternity made in the course of G.L. c. 273, § 15, proceedings survives an acquittal. The Commonwealth argues that we should construe § 15 as providing for a bifurcated trial and two separate judgments — a civil judgment of paternity and a criminal conviction of nonsupport. The Commonwealth does not point to any language in § 15 supporting this assertion, nor to any provision in that section for an appeal of an adjudication of paternity separate from an appeal from conviction of nonsupport. Nevertheless, the Commonwealth advocates that we read into § 15 the appeal procedure provided for defendants whose paternity is adjudicated in a civil proceeding pursuant to § 12 of the statute.[3]  The Commonwealth also asserts that a defendant acquitted of nonsupport in a bench trial but found by a judge in the course of the proceedings to be the child's father has available to him

---

[2]We have reframed the issues in an effort to answer the basic questions raised by the report.

[3]General Laws c. 273, § 12, as appearing in St. 1981, c. 325, governing the adjudication of paternity provides in pertinent part: "[W]hen such adjudication is made by a district court, if made after a plea of not guilty, the alleged father may appeal therefrom to a jury of six session of the district court department."

the appeal process available to other defendants convicted of misdemeanors. See G.L. c. 278, § 18; G.L. c. 218, § 26A; G.L. c. 218, § 27A.[4]

"[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Board of Educ.* v. *Assessor of Worcester,* 368 Mass. 511, 513 (1975), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975). See *James J. Welch & Co.* v. *Deputy Comm'r of Capital Planning & Operations,* 387 Mass. 662, 666 (1982). "[W]e think the plain meaning of the statute is that an adjudication of paternity *may be part of the same trial* which results in a *conviction* of neglect or refusal to support the child" (emphasis supplied), *Commonwealth* v. *Chase,* 385 Mass. 461, 466 (1982), but that the adjudication does not survive an acquittal of nonsupport. Had the Commonwealth wanted a separate adjudication of paternity, it should have commenced a proceeding under § 12.

"When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute: otherwise the different sections of the same statute might be so construed as to be repugnant, and the intention of the legislature might be defeated. And if upon examination the general meaning and object of the statute should be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to the spirit of the act." *Holbrook* v. *Holbrook,* 1 Pick. 248, 250 (1823). See *Registrar of Motor Vehicles* v. *Board of Ap-*

---

[4]Paternity, however, is not a criminal offense. See *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 615-617 (1975). To the extent that the Commonwealth argues that we should consider the defendant as convicted of the lesser included offense of paternity, we reject that argument.

*peal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 584 (1981). See also 2A C. Sands, Sutherland Statutory Construction § 46.05 (4th ed. 1973). We look therefore to the entire statutory scheme to determine whether § 15 permits an adjudication of paternity to survive an acquittal.

The Commonwealth's assertion that § 15 authorizes two separate judgments misconceives both the function of a § 15 proceeding, and the "statutory plan set forth by G.L. c. 273, § § 12-18, for obtaining support for the children of unwed parents." *Commonwealth* v. *Chase,* 385 Mass. 461, 462-463 (1982). Paternity statutes were enacted in an effort to provide support for children from defaulting fathers. *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 617 (1975). Sections 12 through 14 of G.L. c. 273 "contemplate an orderly progression of events, the end result of which is an order for the support of the child." *Commonwealth* v. *Lobo,* 385 Mass. 436, 443 n.13 (1982).

General Laws c. 273, § 12, provides for an adjudication of paternity and for an appeal from such a determination. Section 12A authorizes a judge, on the motion of the alleged father, to order blood grouping tests in any proceeding to determine paternity. Section 13 authorizes a judge, once paternity is determined, to continue the case until the child is born and allows for payment for the mother's expenses of pregnancy and confinement, and for punishment by contempt of court, with up to two months' imprisonment, for failure to comply with such payment orders. Section 14 authorizes a judge to make orders for the care and custody of the child.

Pursuant to § 15, a parent may convicted of neglecting or refusing to provide support. Because § 15 applies to either parent, it necessarily does not provide for a civil judgment of paternity. Section 16, which establishes the penalties for failure to comply with a support order, provides that the father shall be subject to penalties[5] and orders for payment

---

[5]While "[i]t is true that the almost universal practice . . . upon a conviction for nonsupport [is that] the offending parent is placed on condi-

"[a]fter the adjudication and the birth of the child, in proceedings under section twelve, or after *conviction,* in proceedings under [section 15]" (emphasis supplied). G. L. c. 273, § 16, as appearing in St. 1977, c. 848, § 6. As we read the entire statutory scheme, § 15 is designed to provide criminal penalties for a parent who neglects or wilfully refuses to support.

We are supported in our conclusion by the language of § 15, which does not provide any appeal procedure except that generally available on conviction of a misdemeanor. G. L. c. 218, § 27A. To reach the result urged by the Commonwealth, we have to read into § 15 the appeal procedure of § 12[6] and the language of that section which makes an adjudication of paternity "final and conclusive." G. L. c. 273, § 12. "Such a reading is contrary to the basic structure of the statute and violates the rule that where the Legislature has employed specific language in one paragraph, but not in another, the language should not be implied where it is not present." *Beeler* v. *Downey,* 387 Mass. 609, 616 (1982). "[W]hen the statute appears not to provide for an eventuality, there is no justification for judicial legislation." *Commonwealth* v. *Vickey,* 381 Mass. 762, 767 (1980).

Since § 15 provides for only one finding, and in this case that finding is not guilty,[7] we remand the case to the jury-of-six session of the District Court, where the defendant's motion to dismiss should be allowed.

*So ordered.*

---

tional probation which is linked to compliance with a support order . . . , [t]he fact remains, however, that the failure to support a child continues to be 'expressed in a criminal context' and is punishable as a misdemeanor." *Commonwealth* v. *Chase,* 385 Mass. 461, 463 (1982), quoting *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 614 (1975).

[6] In 1981, the Legislature amended the appeal provision in G. L. c. 273, § 12, which governs paternity adjudications. St. 1981, c. 92. The Legislature also could have amended § 15 to provide for a similar appeal from an adjudication of paternity in the course of a nonsupport proceeding but did not. See *Hadley* v. *Amherst,* 372 Mass. 46, 51 (1977).

[7] Acquittal on a § 15 complaint does not bar future adjudication of paternity under § 12. Acquittal on a § 15 complaint does not bar future prosecution for a subsequent period of nonsupport under § 15. See *Commonwealth* v. *Dias,* 385 Mass. 455, 458 (1982).