## COMMONWEALTH vs. CARL TEIXERA.

Plymouth.  November 4, 1985. — February 13, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Support of Illegitimate Child. Illegitimate Child,* Support. *Practice, Criminal,* Instructions to jury, Presumptions and burden of proof, Comment by prosecutor.

At the trial of a complaint under G. L. c. 273, § 15, for neglecting to support an illegitimate child, the Commonwealth's failure to introduce any evidence respecting the defendant's financial ability to support the child required a finding of not guilty. [748-749]

At the trial of a complaint under G. L. c. 273, § 15, for neglecting to support an illegitimate child, the judge should not instruct the jury that "[p]roof of the failure to make reasonable provisions for support is prima facie evidence that the neglect is willful and without cause," since such an instruction is entirely inconsistent with the Commonwealth's burden of proving the element of neglect or wilful refusal reasonably to support. [749-750]

At the trial of a complaint under G. L. c. 273, § 15, for neglecting to support an illegitimate child, there was sufficient evidence to warrant findings that the mother was unmarried, that the defendant was the child's father, and that the defendant knew he was the child's father. [750-751]

At the trial of a complaint under G. L. c. 273, § 15, for neglecting to support an illegitimate child, at which the defendant did not testify, the prosecutor's references during closing argument to the defendant's failure to deny paternity on several occasions did not violate the defendant's constitutional right not to incriminate himself. [751-752]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on August 10, 1981.

The case was tried in the jury session of the Wareham Division before *John B. Leonard,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Nancy R. Golden* for the defendant.

*Mary Ellen O'Sullivan,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant appeals from his conviction by a six-person jury in the District Court of neglecting to support an illegitimate child (G. L. c. 273, § 15).[1] On appeal, the defendant argues that the judge erred in denying his motion for a required finding of not guilty, contending that the evidence was insufficient to establish certain elements of the crime. Among these insufficiencies, the defendant contends, is the Commonwealth's failure to establish his financial ability to support the allegedly illegitimate child. Additionally, the defendant argues that the judge's charge that failure to provide support is prima facie evidence that the neglect is wilful and without cause impermissibly shifted the burden of proof to the defendant. Finally, he contends that he was denied a fair trial because the prosecutor invited the jury to draw an inference from the defendant's failure to deny paternity and because his attorney did not call him to testify. We conclude that a judgment of not guilty must be entered because the Commonwealth failed to establish the defendant's financial ability to support the child. We also take the opportunity to comment on some issues raised by the defendant which may again arise in the event that new nonsupport proceedings are commenced against him.

The mother of the child for whom support is sought met the defendant in August, 1979, while hitchhiking. The mother testified that she dated the defendant approximately once a week from August, 1979, to January, 1980. According to her testimony, she became sexually intimate with the defendant at the end of August and continued relations through December, 1979. Near the end of November, 1979, she stated, she discovered that she was pregnant. She testified that she informed the defendant of the pregnancy, and that he suggested that she have an abortion, although he did not offer to pay for the procedure. On another occasion, she testified, the defendant suggested that she place the child for adoption. Her testimony

---

[1] The defendant was placed on probation with support payments to be determined by probation officers.

indicates that she did not see the defendant after March, 1980, until November, 1983, when the nonsupport action was pending.

The child was born on June 30, 1980. A father's name did not appear on the birth certificate, but the mother testified that in July, 1980, she informed the defendant by telephone that he had a son. The mother applied for welfare benefits for the child in September, 1980, and in August, 1981, a complaint issued against the defendant for nonsupport of an illegitimate child.

At trial, no direct evidence was presented regarding the mother's marital status, and no evidence was introduced as to the defendant's financial circumstances. The defendant, who claims to be indigent, did not testify in his own defense. After the jury returned a guilty verdict, the defendant renewed a previously filed motion for a required finding of not guilty on the ground that "the evidence was insufficient as a matter of law to sustain a conviction on the charge." This motion was denied. The defendant filed an immediate notice of appeal, and we transferred the case here on our own motion.

1. The defendant contends that the judge erred in denying the defendant's motion for a required finding of not guilty because the Commonwealth failed to produce evidence regarding the defendant's financial ability to support the child during the period for which the defendant was charged with nonsupport. Section 15 of G. L. c. 273 (1984 ed.) is designed to provide criminal penalties for a parent who "neglects or wilfully refuses to support." *Commonwealth* v. *Galvin,* 388 Mass. 326, 330 (1983). In proceedings under § 15, therefore, the Commonwealth must prove each element of the offense beyond a reasonable doubt. *Commonwealth* v. *Chase,* 385 Mass. 461, 464, 471 (1982). *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 619 n.5 (1975). If the Commonwealth fails to meet this burden on any element of the crime with which a defendant is charged, the defendant is entitled to a required finding of not guilty. Cf. *Commonwealth* v. *Galvin, supra* at 330.

To find a defendant guilty of a violation of § 15, the Commonwealth must prove the following elements beyond a reason-

able doubt: (1) the defendant is the parent of the illegitimate child; (2) the defendant, if male, knew or should have known of the existence of a valid claim of his parentage prior to the service of the complaint, see *Commonwealth* v. *Chase, supra* at 467; and (3) the defendant neglected or wilfully refused to contribute reasonably to the child's support and maintenance. G. L. c. 273, § 15.

The statutory requirement that the parents contribute reasonably to the child's support and that the failure to do so be wilful or neglectful before a conviction can be sustained requires the Commonwealth to prove that the defendant was financially able or had the earning capacity to contribute to the support of the child. This reading of § 15 finds further support when that section is considered in context with the other provisions of G. L. c. 273. Section 16 of G. L. c. 273 (1984 ed.) provides that, after conviction in proceedings under § 15, "the alleged father shall be subject upon the original complaint or indictment in such proceedings to penalties and orders for payments similar to those provided by the first ten sections" of G. L. c. 273. Section 5 of G. L. c. 273 (1984 ed.) provides that the court take into account "the circumstances and financial ability or earning capacity of the defendant" in fashioning support orders. See *Commonwealth* v. *Chase, supra* at 470. These statutory provisions are further indication of the legislative intent that a parent should not be convicted of neglect or wilful refusal to make reasonable provision for support in the absence of proof that the parent had the financial ability or earning capacity to support a child. Because there was no such proof in the instant case, the defendant was entitled to a required finding of not guilty.[2]

2. At the close of evidence, the judge instructed the jury as follows: "Proof of the failure to make reasonable provisions

---

[2] Financial ability or earning capacity of the defendant may be established by inference drawn from the testimony of the mother or by other direct evidence. Cf. *Commonwealth* v. *Kennedy,* 389 Mass. 308, 315 (1983) (order that father pay $125 a week in support and pay child's medical and dental expenses upheld where evidence shows that father was a practicing physician, even though record insufficient to permit court to evaluate reasonableness of order).

for support is prima facie evidence that the neglect is willful and without cause. Prima facie mean[s] that if you feel, based on what you have heard about the support made that it was a failure to make reasonable provision for support, then you may find that the neglect was willful and without cause, unless you find other evidence in this case that would indicate [the] contrary." See *Commonwealth* v. *Marino,* 343 Mass. 725, 726 (1962); *Commonwealth* v. *Truczinskas,* 318 Mass. 298, 299-300 (1945). The first sentence of the instruction given is virtually identical to Instruction 5.51 of the Model Jury Instructions for Criminal Offenses Tried in the District Court Department (revised December, 1983) for use in proceedings for nonsupport of an illegitimate child under G. L. c. 273, § 15. Since there is a likelihood that the issue may arise in the future, we state that such an instruction should not be given,[3] because, as shown in our earlier discussion of the language of G. L. c. 273, § 15, such an instruction is entirely inconsistent with the Commonwealth's burden of proving the element of neglect or wilful refusal reasonably to support. We need not discuss whether such an instruction would be acceptable under Federal constitutional principles. See *Sandstrom* v. *Montana,* 442 U.S. 510, 523 (1979).

3. We discuss several other issues raised which may arise in the future. The defendant claims that the Commonwealth's evidence was insufficient to prove that the mother was unmarried, the paternity of the defendant, and the defendant's knowledge that he was the child's father. He also claims that certain arguments the prosecutor made to the jury were improper.

Contrary to the defendant's contention, the evidence was sufficient to allow a jury reasonably to infer that the mother was not married when the child was born. On both direct and cross-examination, the mother testified that she had no boyfriends other than the defendant and that she had sexual relations with no one other than the defendant prior to and during the fall of 1979. She also testified that she was seventeen years

---

[3] There was no reversible error in the judge's giving the instruction in the instant case, because defense counsel requested that it be given.

of age at the time she dated the defendant, and that the defendant was the first man she had ever dated. Additionally, the record indicates that a father's name does not appear on the birth certificate of the child, to whom the mother gave birth on June 30, 1980. This evidence was sufficient to establish the status of the mother as unmarried.

The defendant's contention that the prosecution produced insufficient evidence of paternity to sustain a conviction is similarly without merit. Evidence of sexual intercourse between the defendant and the child's mother and of the child's date of birth is sufficient to warrant a finding of paternity. *Commonwealth* v. *Fanciullo,* 11 Mass. App. Ct. 64, 65 (1980). In this case, the Commonwealth presented evidence that the defendant had sexual intercourse with the child's mother beginning in August, 1979, and that the child was born on June 30, 1980. Such evidence was sufficient to permit a jury to find that the defendant was the father of the child. Unlike the *Fanciullo* case, however, the evidence here was also sufficient to allow a jury to find that Teixera knew or should have known that he was the father of the child. In *Fanciullo,* the defendant received ambiguous communications asserting that he was the father of an illegitimate child. Arguably, the defendant in the *Fanciullo* case had no idea to whom he owed a duty of support. The Commonwealth here presented evidence that the mother informed the defendant on several occasions that she was pregnant and also informed the defendant that he was the father of a son. The evidence warranted a finding that the defendant was on notice of a potentially valid claim of paternity against him. See *Commonwealth* v. *Chase, supra* at 467 ("Without evidence that, at the time of the service of the complaint, the defendant knew or should have known that he or she was the parent of the child in question, . . . the prosecution of a criminal nonsupport case cannot result in a finding of neglect or refusal").

The defendant also alleges error by reason of certain arguments made by the prosecution in closing. Specifically, the defendant contends that the prosecutor's references to the defendant's failure to deny paternity on several occasions vio-

lated the defendant's right pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States, because the defendant did not testify at trial. A defendant's right to remain silent cannot be compromised by prosecutorial comments that cast aspersions on its exercise. *Griffin* v. *California,* 380 U.S. 609, 615 (1965). *Commonwealth* v. *Smith,* 387 Mass. 900, 909 (1983). *Commonwealth* v. *Gouveia,* 371 Mass. 566, 571 (1976). A proceeding pursuant to G. L. c. 273, § 15, for nonsupport is a criminal proceeding in which a defendant cannot be compelled to testify. See *Commonwealth* v. *Lobo,* 385 Mass. 436, 447 n.17 (1982). Thus, prosecutorial comments on a defendant's silence at times when the defendant is constitutionally entitled to remain silent, such as during a custodial interrogation, *Commonwealth* v. *Haas,* 373 Mass. 545, 560 (1977), or at trial, are impermissible. Comment on a defendant's silence or failure to deny accusations against him under circumstances where the defendant might be expected to speak is permissible, however, and does not interfere with the defendant's exercise of his right to remain silent. See, e.g., *Commonwealth* v. *Earltop,* 372 Mass. 199, 201-202 (1977). Here, the defendant's failure to deny paternity in response to the mother's initial claims of pregnancy, and in the face of her assertion that he had a son, constituted tacit admissions. These admissions occurred during casual encounters between the mother and the defendant before and during the pendency of this action, and were therefore proper matter for comment.

*Conclusion.* Because the Commonwealth failed to prove one of the several elements necessary to establish a valid conviction under G. L. c. 273, § 15, the defendant was entitled to a required finding of not guilty. This proceeding has not established, however, that the defendant was not the father of the child. Thus, this result does not bar future adjudication of paternity under G. L. c. 273, § 12.[4] Nor is future prosecution

---

[4] General Laws c. 273, § 12 (1984 ed.), provides for a civil adjudication of paternity of an illegitimate child to secure payment of pregnancy expenses and support payments for the child. *Commonwealth* v. *Dias,* 385 Mass. 455, 457-458 (1982). See *Commonwealth* v. *Galvin,* 388 Mass. 326, 330 n.7 (1983).

under § 15 barred, under principles of former jeopardy, for a subsequent period of nonsupport. *Commonwealth* v. *Galvin,* 388 Mass. 326, 330 n.7 (1983). See *Commonwealth* v. *Dias,* 385 Mass. 455, 458 (1982). Paternity, as well as the other elements of the crime, must be established in any such proceeding.

The judgment is reversed, the verdict is set aside, and a judgment of not guilty is to be entered.

*So ordered.*