COMMONWEALTH *vs.* DAVID POTTER. August 20, 1986. *Parent and Child,* Support of illegitimate child.

The defendant was tried and found guilty on both counts of a complaint of begetting (G. L. c. 273, § 12) and nonsupport (G. L. c. 273, § 15). At the close of the Commonwealth's case, the defendant filed a motion for a required finding of not guilty. As supplemented orally, the motion stated three grounds (without specifying the count or counts to which they applied). None had merit. (1) The jury were not required to accept as true the statement in the hospital record indicating that the mother's last normal menstruation occurred on a date inconsistent with the defendant's being the

father. (There was ample evidence to the contrary, as well as evidence tending to show that the statement in the hospital record was the result of a simple misunderstanding.) (2) Although the Commonwealth is required under § 15 to "prove that the defendant knew or should have known, *prior to the issuance of a complaint,* that he . . . was the parent of the child in question," *Commonwealth* v. *Chase,* 385 Mass. 461, 467 (1982) (emphasis supplied), the Commonwealth was not required to put in evidence, as part of its case-in-chief, the date of issue of the complaint. The date the complaint was sworn out appeared on the face of the complaint. It was a fact of record in the case, as to which the jury could be instructed in due course by the judge. For purposes of the motion, it sufficed that the Commonwealth had adduced evidence from which the jury could find beyond a reasonable doubt that the defendant knew or had reason to know of his paternity during the period of nonsupport alleged in the count under § 15, which, of course, preceded the date of the complaint. (3) From the vantage afforded by the later-decided case of *Commonwealth* v. *Teixera,* 396 Mass. 746 (1986), we can say that the Commonwealth was remiss in not marshalling somewhat more systematically evidence bearing on " 'the . . . financial ability or earning capacity of the defendant' " to support a child. *Id.* at 749. Nevertheless, enough evidence was adduced through the mother's testimony to warrant findings by the jury that the defendant, during the period of alleged nonsupport, was nineteen years old, was out of high school, was no longer living with his parents, shared apartments with friends, and had the regular use of a car. There is nothing in the record to indicate that his appearance at counsel table was such as to suggest to the jury or the judge that he suffered from incapacitating disabilities. See *Commonwealth* v. *DeVincent,* 358 Mass. 592, 596 (1971); *Commonwealth* v. *Kater,* 388 Mass. 519, 533 (1983). In our view, the evidence of his driving and engaging in other normal activities, coupled with his age and situation in life, would warrant an inference beyond a reasonable doubt that the defendant had earning capacity and that he would be capable of making some contribution, even if small, to the support of his child. See the *Teixera* case at 749 n.2. The *Teixera* case is distinguishable in that the court held that the Commonwealth had introduced no evidence which bore on the defendant's financial ability or earning capacity. *Id.* at 749.

The other points argued are without merit. Closing arguments on both sides were, as the judge observed, exceptional in quality, thoroughness, and forcefulness. Neither was inappropriate or misdirected. It lay within the judge's sound discretion whether to incorporate in his charge the defendant's requested instructions verbatim. *Commonwealth* v. *Silva,* 388 Mass. 496, 507 (1983). Nor was it mandatory that the reasonable doubt standard as to which the jury were carefully instructed by the judge, be incorporated in the form of each of the special questions on which the case was submitted to the jury.

.                *Judgments affirmed.*

The case was submitted on briefs.

*William C. O'Malley,* District Attorney, & *Ann E. Rascati,* Assistant District Attorney, for the Commonwealth.

*Lee M. Berger* for the defendant.