COMMONWEALTH *vs.* SCOTT MCDONALD. No. 88-P-1. March 9, 1989. *Paternity. Illegitimate Child,* Support.

After conviction at bench trial, the defendant was tried by a jury of six at a District Court in Framingham upon a charge of refusing to contribute reasonably to the support of his illegitimate child. See G. L. c. 273, § 15 (prior to its 1986 amendment[1]). The jury brought in a verdict of guilty, and the defendant appeals from the judgment of conviction. He argues that there was insufficient evidence that he "knew or should have known of the existence of a valid claim of his parentage prior to the service of the complaint" (to quote from the authoritative decision in *Commonwealth* v. *Teixera*, 396 Mass. 746, 749 [1986], setting out the elements of the offense). There is doubt whether the defense moved for a required finding of not guilty. Defendant's counsel represents that he did so move, but he may be mistaken: the mechanical record is barren and Commonwealth's counsel and the judge have no pertinent memory. However, the question may be overlooked because, if the motion was made, it did not deserve to succeed. There was adequate proof that the defendant had intercourse repeatedly with the complaining witness, without contraceptive precautions, during the critical period from the last week in December, 1981, through the first week of January, 1982 (or from December 17, 1981 to January 6, 1982), the child being born on September 23, 1982; and that the woman did not have intercourse with anyone else during this interval. When she learned on March 11, 1982, that she was pregnant, she promptly informed the defendant, who urged that she undergo an abortion and, indeed, thrust upon her an appointment with a physician for that purpose, which she declined to keep.

---

[1] The amendment, by St. 1986, c. 334, § 15, was in connection with the enactment of G. L. c. 209C, inserted by St. 1986, c. 310, § 16, concerning children born out of wedlock. See *Department of Revenue* v. *Jarvenpaa,* 404 Mass. 177 (1989).

Upon the delivery of the child, the woman attempted to call the defendant, but he forbade her to get in touch with him. On October 7, 1982, in response to a letter from the Department of Public Welfare, the defendant met with a departmental child-support enforcement worker (when, it could be inferred, he was asked to furnish support); at that meeting he denied paternity, whereupon the present complaint issued on December 9, 1982.

It should be added that the defendant has for many years been an intimate friend of one of the woman's brothers — a further source of information about the birth and the claim of parentage. Support for the child was being provided through the department at the time of trial. On the whole, a jury could readily find the requisite knowledge on the part of the defendant beyond a reasonable doubt.

There is nothing in the defendant's additional contention that the judge committed reversible error in denying his request for a continuance made on the morning set for trial (there had been an earlier continuance); the denial was well within the judge's discretion.

*Judgment affirmed.*

*Bruce A. Kraft* for the defendant.
*Cheryl A. Jacques,* Assistant District Attorney, for the Commonwealth.