Gordon, Robert B., J.
Presented for decision is the Plaintiffs’ Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. The Court has reviewed the pleadings of record, together with the parties’jointly filed Rule 9A(b)(5) Statement, and discerns that there are no genuinely disputed issues of material fact in evidence. The Court is, therefore, prepared to treat the questions brought forward as purely ones of law.
RELEVANT FACTS
Plaintiffs own and/or occupy the land and buildings situated at 261 West Street in Northborough, Massachusetts (the “Property”). Defendants are the Chief of Police and Town Administrator of the Town of Northborough, who have been sued in their individual and official capacities following their attempts to enforce a statutory restriction against the Plaintiffs’ use of their Property as a venue for target shooting.
In 1995, Plaintiffs purchased the Property, and shortly thereafter made substantial improvements to it so that the Property could serve as a site for target shooting with small firearms. Plaintiffs thus cleared and graded portions of the Property to create a line of fire from a fixed point to a target area; erected target frames with steel-plated backstops in front of an elevated barrier of earth; constructed a pulley system to run targets to and from the point of firing to the target frames; and installed a lighting system for the targets. Plaintiffs likewise built a firing port within a barn structure, reinforced with baffles to restrict the angle at which a gun could be fired through the port, thereby ensuring that fired rounds would not stray outside of the cleared path between the firing port and the target. A shed was constructed to house a mechanical device for hurling clay shotgun targets used in skeet and trap shooting. Plaintiffs additionally installed a TV monitoring system so that a shooter in the barn can see anyone who might approach the line of fire. Finally, a laser fence and signs were posted around the Property, cautioning visitors that the area was used for target shooting and that a red “range flag” would be flown to give actual notice of when the range was in live use. Although no state or local laws prescribe the dimensions or other physical requirements for a firing range, Plaintiffs built the improvements to their Property in accordance with safety standards published by the National Rifle Association (“NRA”).
Plaintiffs’ 1995 range construction was carried out with the knowledge of officials of the Town of Northborough; and, for approximately 15 years, Plaintiffs used the range for target shooting on a regular basis. In 2007, however, a new abutter constructed a dwelling within 500 feet of the firing points on Plaintiffs’ Property, and eventually registered complaints with Northborough’s Chief of Police about the discharge of firearms so proximate to his residence.
These complaints prompted officials of the Northborough Police Department to investigate the neighbor’s concerns. And, after confirming that intervening development had brought an adjacent dwelling within 500 feet of the Plaintiffs’ target range, Defendant Leahy (the Northborough Chief of Police) issued Plaintiffs a cease and desist letter. That letter read in pertinent part as follows:
[W]e have received complaints from your neighbors concerning your firearms range . . . Lieutenant Lyver has advised me that the bam you discharge your weapons from is less than 500 feet from adjacent dwellings and constitutes a violation of Chapter 269, Section 12E of the General Laws of the Commonwealth of Massachusetts.
The provision of Chapter 269, Section 12E that states “(d) persons using outdoor skeet, trap, target or test ranges with the consent of the owner or legal occupant of the land on which the range is established” does not authorize the use of your range. The guiding provision of C. 269, Sec. 12E is clearly the 500 feet minimum distance requirement.
Accordingly, you must cease and desist from the use of your firearms range or you will face prosecution . . .
*506 While your range may have been legal and appropriate at one time, the development of Settlers Road eliminated that measure of compliance.
Subsequent attempts by Plaintiffs to resolve the matter with Defendants proved unsuccessful, prompting Plaintiffs to engage the services of a civil engineer and firing range expert to address what were thought to be the Defendants’ concerns. Although the range expert opined that the Property (in its existing condition) satisfied the prevailing standards of range construction that were in general use and acceptance at the time, Plaintiffs undertook to invest thousands of additional dollars to make further safety improvements suggested by the civil engineer and neighbors. As a result, the Property currently fulfills all of the suggestions made by the civil engineer for handgun usage on the range; and the outstanding work for the rifle and shotgun firing points represent modest improvements that Plaintiffs represented they would undertake if Defendants approved their use of the target range. Defendants, however, advised Plaintiffs that their firing range does not qualify for the statutory exemption of G.L.c. 269, Sec. 12E(d), and admonished them that further use of the range without the permission of every dwelling-holder within 500 feet thereof would constitute a violation of law subject to criminal prosecution.
DISCUSSION
Plaintiffs have brought a two-count Complaint. Count I seeks a declaratory judgment, ruling as a matter of law that the Plaintiffs’ Property qualifies as an outdoor target range within the meaning of G.L.c. 269, Sec. 12E(d), and that any person who uses this range for target shooting with the permission of the owner or other lawful occupant thereof will not be in violation of the statute. Count II of the Complaint asserts a claim under the Massachusetts Civil Rights Act, G.L.c. 12, Secs. 11H-11I, maintaining that Defendants have interfered with Plaintiffs’ legally protected property rights by means of “threats, intimidation or coercion.”
1. Mass. G.L.c. 269, Section 12E
Mass. G.L.c. 269, Section 12E regulates the discharge of firearms within 500 feet of a dwelling or other building in use. The statute specifically provides as follows:
Whoever discharges a firearm as defined in section one hundred and twenty-one of chapter one hundred and forty, a rifle or shotgun within 500 feet of a dwelling or other building in use, except with the consent of the owner or legal occupant thereof, shall be punished by a fine of not less than fifty nor more than one hundred dollars or by imprisonment in a jail or house of correction for not more than three months, or both. The provisions of this section shall not apply to (a) the lawful defense of life and property; (b) any law enforcement officer acting in the discharge of his duties; (c) persons using underground or indoor target or test ranges with the consent of the owner or legal occupant thereof; (d) persons using outdoor skeet, trap, target or test ranges with the consent of the owner or legal occupant of the land on which the range is established; (e) persons using shooting galleries, licensed and defined under the provisions of section fifty-six A of chapter one hundred and forty; and (f) the discharge of blank cartridges for theatrical, athletic, ceremonial, firing squad, or other purposes in accordance with section thirty-nine of chapter one hundred and forty-eight.
G.L.c. 269, Sec. 12E.
By its terms, the above-quoted statute forbids the discharge of firearms within 500 feet of a dwelling or other building in use, but hews six explicit exceptions into this general prohibition. One of these exceptions provides that discharging firearms on “outdoor skeet, trap, target or test ranges with the consent of the owner of the land on which the land is established” shall be exempt from the restrictions of the statute. See Mass. G.L.c. 269, Sec. 12E(d). Inasmuch as Chapter 269 contains no definition of a target or test “range,” the Court is called upon to construe the term in accordance with its commonly understood meaning and usage. See Commonwealth v. Welch, 444 Mass. 80, 85 (2005). In this regard, the plain language of the law, considered in the light of its perceived legislative purposes, is paramount. See Water Dep’t of Fairhaven v. Dep’t of Env. Protection, 455 Mass. 740, 744 (2010); Commonwealth v. Galvin, 388 Mass. 326, 328 (1983).
A “range,” according to Webster’s New World Dictionary (2d ed.) is “a place for shooting practice.” See also Webster’s New College Dictionary (3d ed.) (defining “range,” inter alia as “a place for shooting at targets”). This definition of “range” aligns with the general use of the term reflected in other firearms-related statutes in the Commonwealth which, while abjuring textual definitions, frequently reference “ranges” as venues for target shooting exempt from the reach of gun restrictions. See, e.g., G.L.c. 131, Sec. 4(15) (hunting season restrictions: “No order issued under this clause shall be deemed to prohibit the possession or use of any rifle on any target range used primarily for target shooting purposes . . .”); G.L.c. 131, Sec. 57. (Sunday restrictions on bird and mammal hunting: “This section shall not render unlawful the possession or carrying of a rifle, shotgun, pistol, revolver or bow and arrow, for the purpose of using the same on a skeet, trap or target range, nor for the purpose of using the same for sport target shooting at artificial targets by an owner or lessee, or his guests, upon his own or leased property . . .”).
In the present case, and applying the foregoing common-sense definitions, this Court has little difficulty concluding that the Plaintiffs’ Property as described ante qualifies as a “target range” within the commonly understood meaning of that term. The re *507 cord reflects that Plaintiffs have invested in excess of $25,000 (further to the cost of the land) to ensure that the Property bears all of the functional and safety attributes of a bona fide facility used for small arms target practice. As a result, the evidence stands undisputed that the Property satisfies the prevailing NRA range standards for a target shooting site. In the absence of a more searching statutory or regulatory definition, or an applicable zoning restriction, this Court concludes that Plaintiffs’ improved Property constitutes a “target range” under G.L.c. 269, Section 12E(d).[1]
Plaintiffs’ improved Property thus qualifying as an “outdoor . . . target . . . range” under Chapter 269, Section 12E, the statute unambiguously exempts such usage from the requirement to secure consent from the owners of dwellings and buildings sited within 500 feet thereof. In opposing Plaintiffs’ prayer for a declaratory judgment to this effect, Defendants insist that the overriding purpose of Section 12E is the protection of persons who might be at risk from the nearby discharge of firearms. To fulfill the concerns for public safety that animate the statute, Defendants argue, the Subsection (d) exemption must be interpreted to mean that “persons on shooting ranges with the permission of the range owner do not also need the consent of the owner or legal occupant of any dwelling or other building on the same land.” Defendants’ Memorandum, at p. 9 (emphasis original). “In other words, the exemption only removes the need to obtain consent of the owner or legal occupant of a building on the range property because the landowner’s consent to the existence of the range is taken to be consent to use of that range within 500 feet of dwellings or buildings on the landowner’s property.” Id.
Having considered the Defendants’ argument, this Court is not persuaded. Defendants no doubt correctly identify the essential purpose of Section 12E as “the protection of innocents” from the dangers posed by the nearby discharge of firearms. See Commonwealth v. Mendes, 75 Mass.App.Ct. 390, 395 (2009). But recognizing such a salutary purpose does not invest this Court with the authority to rewrite the law to achieve it. See Souza v. Registrar of Motor Vehicles, 462 Mass. 227, 232 (2012) (“we are not at liberty to construe the statute in a manner that might advance its purpose but contravenes the actual language chosen by the Legislature”). Defendants’ construction of Section 12E(d) simply cannot be harmonized with the plain language of the statute. Section 12E(d) sets forth a general prohibition against discharging firearms within 500 feet of dwellings and buildings in use without the consent of the owners or lawful occupants thereof. Subsection (d), however, reflecting a countervailing public policy recognized by the Legislature, cleaves an exception into this prohibition for “persons using outdoor skeet, trap, target or test ranges with the consent of the owner or legal occupant of the land on which the range is established.”[2] The exemption applies unambiguously to persons who shoot on target ranges with the permission of the range’s landowner; and it is the permission of the range owner that, in apparent deference to this particular form of leisure activity, excuses the need for the otherwise required consent of persons occupying dwellings or buildings situated within 500 feet of the range. This is the veiy essence of Subsection (d), structured as it is as an exception to the general rule of proscription set forth in Section 12E. Nothing in this provision of the law suggests the Legislature intended that the consent to be obviated or excused is that of other tenants on the range owner’s land. Indeed, it is difficult to imagine that a landowner who has established a firing range on his property would require special consent for such use from his own tenants (or others whom he has permitted to build on the land). Moreover, if the policy objective of Subsection (d) were as Defendants argue— viz., to excuse landlords who give consent to shooting on their property from the burden of securing essentially duplicative consents from others occupying buildings on their land—there would be no logical reason to confine the exemption to persons who have established firing ranges on the property. The practical value of treating a landlord’s permission as effective consent from all who dwell on the landlord’s property would appear evident in many circumstances, and not merely in the context of a firing range. If that were the Legislature’s concern, it surely would have drafted the exemption to apply more broadly than to landowners who have constructed firing ranges. By drafting Subsection (d) as it did, however, the Legislature was undeniably addressing itself to a concern that firearms enthusiasts who practice this avocation on target ranges built on land they own not be compelled to secure consents from neighbors.
Regardless, however, reading Section 12E(d) as Defendants now urge—namely, to mean that consent from the occupant of any dwelling/building within 500 feet of a firing range is still required, unless the occupant happens to be situated on land owned by the range owner—produces two unsatisfactory results. It adds very little to the cause of public safety; and, more troublingly, it guts the Legislature’s manifest intent to relieve those who engage in target shooting on firing ranges of the burden to secure permission from the range’s abutters. Defendants argue with some urgency that Section 12E(d) opens the door too widely for firearms users to expose neighbors to the safety risks of their discharges. Defendants’ corrective, however, is to read the exemption out of the law altogether, giving this provision a cramped construction that cannot be squared with its statutory text. This Court cannot adopt such a course. See Commonwealth v. Woods Hole, Martha’s Vineyard & Nantucket S.S. Authority, 352 Mass. 617, 618 (1967) (“None of the words of a statute [are] to be regarded as superfluous so that the enactment considered as a whole shall constitute *508 a consistent and harmonious statutory provision capable of effectuating the presumed intent of the Legislature”); Lowery v. Klemm, 446 Mass. 572 (2006) (similar).
As a matter of policy, Defendants may be right that the Section 12E(d) exemption, which contains no limiting definition of a “range,” fails to strike a proper balance in furthering the interest of public safely. Perhaps.[3] But if that is the case, it is for the Legislature to enact a more restrictive exemption for range owners, or for towns like Northborough to enact appropriate local ordinances or implement more protective modifications to their zoning. It is not, however, for this Court to disregard the law as it in fact exists, and invest local police authorities with the power to enforce a statute against parties whom the Legislature has declared to be exempt from it.
Accordingly, the Plaintiffs’ motion shall be ALLOWED as to Count I, it being declared as follows:
1) Subject to fulfillment of the terms of Paragraph 3 of this Order, the Plaintiffs’ improved Property at 261 West Street in Northborough, Massachusetts constitutes a “target range” under G.L.c. 269, Section 12E(d);
2) Persons who use the Property’s target range with the permission of either its owners or other lawful occupants of the land upon which the range is located shall not be in violation of G.L.c. 269, Section 12E by reason of their not additionally securing the consent of persons who own or occupy dwellings and other buildings within 500 feet of same; and
3) Plaintiffs shall promptly effect the remaining improvements recommended by their range expert to ensure the safety of the facility; to wit, by implementing the recommended shooting platform for the range’s shotgun firing point, and by extending the baffles on the rifle range as recommended to limit the discharge scope of fired rounds.
2. Massachusetts Civil Rights Act
The Court will not dwell over-long on the Plaintiffs’ companion claim under the Massachusetts Civil Rights Act, G.L.c. 12, Sections 11H-11I. The evidence of record discloses no more than that Defendants issued Plaintiffs a letter, taking the position that shooting on their firearms range violates G.L.c. 269, Section 12E. Erroneous though such an enforcement position may have been, however, the Court sees no reasonable basis upon which the issuance of such a letter by public officials can be deemed a deprivation of the Plaintiffs’ civil rights by means of “threats, intimidation or coercion.” For the reasons advanced at pages 13-17 of the Defendants’ Memorandum, Plaintiffs’ motion for summary judgment as to Count II of the Complaint is DENIED.[4]
CONCLUSION AND ORDER
In accordance with the foregoing discussion, it is hereby ORDERED that judgment on the pleadings shall enter in favor of the Plaintiffs on Count I of the Complaint, it being declared that:
1) Subject to fulfillment of the terms of Paragraph 3 of this Order, the Plaintiffs’ improved Properly at 261 West Street in Northborough, Massachusetts constitutes a “target range” under G.L.c. 269, Section 12E(d);
2) Persons who use the Property’s target range with the permission of either its owners or other lawful occupants of the land upon which the range is located shall not be in violation of G.L.c. 269, Section 12E by reason of their not additionally securing the consent of persons who own or occupy dwellings and other buildings within 500 feet of same; and
3) Plaintiffs shall promptly effect the remaining improvements recommended by their range expert to ensure the safety of the facility; to wit, by implementing the recommended shooting platform for the range’s shotgun firing point, and by extending the baffles on the rifle range as recommended to limit the discharge scope of fired rounds.
It is further ORDERED that Plaintiffs’ motion for summary judgment as to Count II of the Complaint is DENIED, and that judgment shall enter in favor of the Defendants on this count of the Complaint.

 Although obviously not dispositive, the Court observes that the Defendants’ own cease and desist letter appears to concede that Plaintiffs have constructed a firing range on their Property. Indeed, the letter makes no fewer than three separate references to the Plaintiffs’ “firing range.”

hat policy would appear to recognize the very real difference between persons who hunt and/or otherwise discharge weapons in a completely uncontrolled environment (where the risk of stray bullets injuring innocent persons who might be situated within 500 feet is greater), on the one hand, and persons who shoot firearms in the much more controlled environment of a target range. In the latter context, shooting occurs from a fixed point, is directed at fixed targets, and the trajectory of discharged ammunition can be limited through external controls such as those the Plaintiffs implemented on their range.

defendants suggest that the absence of regulatoiy limitations on what will and will not qualify for range treatment under the statute might invite gun owners simply to declare that any place they choose to shoot constitutes an exempt “range. ” Although ihe Court acknowledges the theoretical risk of construing the term “range” so loosely that the exception completely swallows the rule, Defendants’ counsel himself conceded during oral argument that such a concern has no application to the Plaintiffs in this case. The Plaintiffs’ firing range is bona fide by any fair standard of measure, and these parties’ good faith efforts to fulfill the expectations of the law should not be punished on account of imperfections in the law’s drafting.

Although Defendants have not cross moved for summary judgment, the Court may nonetheless order the same where, as here, there are no genuinely disputed issues of material fact and the record demonstrates that they are entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c).